Jesse A. Buss, OSB # 122919
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jessebuss@gmail.com

Tom Buchele, OSB # 081560
Earthrise Law Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland OR  97219-7799
Tel: 503-768-6643
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Attorneys for Plaintiff League of Wilderness Defenders/Blue Mountains Biodiversity Project

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEAGUE OF WILDERNESS DEFENDERS / BLUE MOUNTAINS BIODIVERSITY PROJECT </br></br>    Plaintiff, </br></br> v. </br></br> SLATER R. TURNER, *et al.*, </br></br>    Defendants. | Case No. 2:16-CV-01648-MO </br></br> PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL |

Plaintiff's Motion for Voluntary Dismissal

1

**MOTION**

Plaintiff, by their undersigned attorneys, hereby move this Court for an Order, pursuant to Federal Rule of Civil Procedure 41(a)(2), dismissing all claims in Plaintiff's August 15, 2016 Complaint (ECF No. 1), and any and all causes of action contained therein, without prejudice. Plaintiff has conferred with counsel for the Federal Defendants before filing this motion. Federal Defendants' counsel informed Plaintiff's counsel that Federal Defendants have no objection to Plaintiff's request to have their claims dismissed. However, as Plaintiff explains below, the parties do disagree about how they should proceed after the Court dismisses Plaintiff's claims.

**Memorandum in Support of Motion**

As this Court is aware, Federal Defendants withdrew the challenged Walton Lake Restoration Project Decision Memorandum on October 17, 2016. ECF No. 24. Shortly thereafter the Court granted the parties' joint motion to stay proceedings so that the parties could attempt to negotiate a settlement of Plaintiff's claims for costs and attorney's fees. ECF No. 30. The Court extended that stay on March 2, 2017. ECF No. 33. Unfortunately the parties now agree that their negotiations regarding costs and fees are at an impasse. Therefore, as the parties' initial motion for a stay suggested (ECF No. 29), Plaintiff now requests a dismissal of Plaintiff's Complaint pursuant to Rule 41.

As required by LR 7-1, the parties conferred regarding Plaintiff's Rule 41 motion. The Federal Defendants do not object to the substance of Plaintiff's motion and agree that the Court should grant the motion and dismiss Plaintiff's claims without prejudice. However, the parties

significantly disagree about how the parties should then proceed to address Plaintiff's as yet unfiled requests for costs and attorney's fees.

Plaintiff believes the applicable statutes and rules provide a specific schedule that the parties should follow regarding when Plaintiff must file its Bill of Costs and Petition for Attorney's Fees, for when the Federal Defendants' responses to those filings would be due, and for when any replies by Plaintiff must be filed. See 42 U.S.C. § 2412(d)(1)(B) (must file fee petition within 30 days of final judgment); LR 54-1 (file bill of costs within 14 days of judgment, opposition due within 14 days, and any reply due 14 days thereafter); LR 54-3 (opposition to fee petition due within 14 days, and any reply 14 days thereafter). These rules say nothing about allowing discovery regarding requests for fees and costs.

During the parties' Rule 7-1 conferral, the Federal Defendants insisted that the schedule set by these statues and rules be modified to allow the Federal Defendants to conduct discovery *before* Plaintiff files its fee petition. Although Plaintiff specifically asked the Federal Defendants what specific information they intended to seek through discovery and what law allowed for such discovery regarding an as yet unfiled fee petition, the Federal Defendants did not respond to these requests. Instead they proposed that this Rule 41 motion include dueling proposed schedules for both parties with a "brief explanation" from each party as to why the Court should select its proposed schedule. Because Plaintiff's own legal research shows that discovery regarding fees is at best disfavored and conducting such discovery before a fee petition has even

been filed may be unprecedented,[1] Plaintiff believes the significant legal issues raised by Federal Defendants' proposed discovery should not be resolved based on "brief explanations" to support dueling schedules in a jointly-submitted Rule 41 motion.

The Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Consistent with this admonition the Advisory Committee Notes for FRCP 54(d)(2) indicate that discovery regarding fees should only be allowed "[o]n rare occasion."[2] Plaintiff's research has not located a single instance in which a federal court has allowed a defendant to propound discovery regarding a fee request before the plaintiff has even filed that fee request, and despite Plaintiff's request Federal Defendants have offered none.

This apparent absence of legal authority regarding pre-petition fee discovery is not surprising in light of the standards federal courts have applied to evaluate requests for fee discovery after a party has filed a fee petition. A federal district court in New Mexico recently summarized the law regarding requests for discovery regarding fees. *New Mexico v. Valley Meat Co., LLC,* 2015 WL 9703255, *26-27 (D.NM 2015)(citing case law from multiple jurisdictions, including *Wyatt v. Ralph's Grocery Co.,* 65 Fed. Appx.589, 591 (9th Cir. 2003). Fee petitions are typically resolved without discovery based on the parties' briefs and affidavits. *Id.* "A party must

---

[1] Plaintiff disclosed this law to Federal Defendants during their Rule 7-1 conferrals, but Federal Defendants did not respond to Plaintiff's cited law in any substantive way.

[2] Discovery regarding fee requests is not automatically covered by FRCP 26 and a party must seek and receive permission from the Court before seeking such discovery. *See, e.g., Whispell Foreign Cars, Inc. v. U.S.,* 2016 WL 6875972, *3 (Fed. Ct. of Claims 2016).

Plaintiff's Motion for Voluntary Dismissal                                   4

demonstrate substantial need for additional information to justify discovery." *Id.* at \*26. As this Court explained, any discovery requests must be narrowly tailored and, more importantly, must seek to remedy specific inadequacies in the fee petition's supporting documentation. *Prison League News v. Umatilla County,* 2013 WL 2156471, \*3-4 (D. Or. 2013)(Mosman, J., adopting opinion of Mag. Judge Sullivan denying request for discovery regarding fees).

As this case law makes clear, federal courts evaluate requests for discovery regarding fees, in part, by evaluating the actual fee petition at issue to determine if the information provided therein is "sufficient to evaluate what constitutes a reasonable fee award." *Id.* at 4. Thus any schedule proposed by Federal Defendants that allows for discovery regarding fees is, at best, premature and would likely run afoul of the policy and subsequent case law that allows for such discovery only on rare occasions.[3]

Wherefore, Plaintiff respectfully requests that the Court enter an order granting Plaintiff's motion, dismissing Plaintiff's claims, and reserving Plaintiff's right to seek its costs and attorney's fees within the applicable time limits and reserving Defendants' right to oppose those requests. The Court should deny any proposed schedule from Federal Defendants that would permit them to conduct discovery regarding Plaintiff's as yet unfiled fee petition.[4] If Federal

---

[3] Plaintiff assumes that when Federal Defendants respond to this motion Plaintiff will finally see a legal argument in support of them being allowed to conduct discovery regarding fees. Plaintiff reserves the right to respond to that argument in its reply.

[4] If the Court is inclined to allow for discovery regarding fees, Plaintiff would also want the right to conduct discovery.

Plaintiff's Motion for Voluntary Dismissal                                                                 5

Defendants still believe they need discovery after reviewing Plaintiff's actual fee petition, they can then seek permission from the Court to do so.

Respectfully submitted on this 25th day of May 2017.

                */s/ Jesse A. Buss*
                Jesse A. Buss, OSB # 122919
                411 Fifth Street
                Oregon City, OR 97045-2224
                Phone: (503) 656-4884
                Fax:   (503) 608-4100
                jessebuss@gmail.com

                Tom Buchele
                Earthrise Law Center
                Lewis & Clark Law School
                10015 SW Terwilliger Blvd.
                Portland, OR 97219-7799
                Phone: (503) 768-6643
                Fax:   (503) 768-6642
                tbuchele@lclark.edu

                Attorneys for Plaintiff League of Wilderness
                Defenders/Blue Mountains Biodiversity Project