BILLY J. WILLIAMS
United States Attorney
District of Oregon

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

JOHN P. TUSTIN (Texas State Bar No. 24056458)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-3022 / Fax:  (202) 305-0506
john.tustin@usdoj.gov

*Attorneys for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| LEAGUE OF WILDERNESS DEFENDERS / BLUE MOUNTAINS BIODIVERSITY PROJECT<br><br>    Plaintiff,<br><br>    v.<br><br>SLATER R. TURNER, *et al.*,<br><br>    Defendants. | Case No. 2:16-CV-01648-MO<br><br><br>RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL [ECF No. 34] |

## I.     INTRODUCTION

Defendants agree with Plaintiff that the Court should dismiss the case pursuant to Rule 41(a)(2).  The parties disagree, however, about how to proceed on briefing Plaintiff's claim for attorneys' fees and expenses.  The crux of the parties' disagreement is (1) whether Defendants can conduct discovery into the reasonableness of the hourly rates claimed by Plaintiff's attorneys, and (2) when that discovery should take place.  As explained below, the Court should permit discovery on hourly rates prior to briefing, subject to appropriate limits on scope.

## II.     ARGUMENT

**A.     Discovery on hourly rates is appropriate and necessary.**

Discovery on fee issues – while rare – clearly is permissible when appropriate.  Fed. R. Civ. P. 54(d) advisory committee's notes to 1993 Amendment ("On rare occasion, the court may determine that discovery under Rules 26-37 would be useful to the parties."); LR 54-3(d) ("The Court may issue other appropriate orders relating to the motion for attorney fees, including a decision to refer the motion….").  Plaintiff acknowledges that discovery on fees is sometimes warranted.  Pl.'s Mot. for Voluntary Dismissal 3, ECF No. 34 (Pl.'s Mot.) ("Plaintiff's own legal research shows that discovery regarding fees is at best disfavored….").  Denying Defendants the opportunity to conduct a reasonable inquiry into the basis for Plaintiff's hourly rates would deprive Defendants of the ability to respond appropriately to Plaintiff's motion, which seeks to recoup monies from public funds.  *See Blum v. Stetson*, 465 U.S. 886, 892 n.5 (1984) (declining to consider arguments that hourly rates were unreasonable because "petitioner failed to submit to the District Court any evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted in the affidavits submitted by respondents' counsel." (citation omitted)).

Discovery on hourly rates is necessary here because Plaintiff's attorneys request rates far in excess of both the statutory rate allowed under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and what attorneys at comparable private nonprofits receive according to the Oregon State Bar 2012 Economic Survey (Survey).[1] If Plaintiff's attorneys were to stipulate to either EAJA's statutory rates or the Survey's hourly rates for attorneys of like seniority at private nonprofits, discovery would not be necessary.

But Plaintiff's attorneys insist on rates in excess of both the statutory cap and rates for local practitioners at private nonprofits, even though much of the legal work in this litigation was performed by the Earthrise Law Center, the nonprofit environmental legal clinic at Lewis & Clark Law School.  The rest of the legal work was performed by an attorney in private practice who works closely with Earthrise but has no environmental law experience that could justify a departure from EAJA's statutory cap.  As this Court is aware, billing rates for private sector attorneys include overhead (such as rent, utilities, and legal research licensing fees), salary for

---

[1] Plaintiff's attorneys did not state that their communications with the undersigned were protected by Federal Rule of Evidence 408, but out an abundance of caution Defendants believe the confidentiality of settlement discussions precludes disclosure of the hourly rates sought. Defendants believe the rates are excessive based on the plain language of EAJA and on information on prevailing rates in the forum jurisdiction.

The statutory rate allowed under EAJA is $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The statutory maximum rate in the Ninth Circuit is $192.68 for work performed in 2016.  Statutory Maximum Rates under the Equal Access to Justice Act, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 6, 2017).

The Survey is the "initial benchmark" for determining reasonable hourly rates. "Message from the Court Regarding Fee Petitions," https://ord.uscourts.gov/index.php/court-info/court-policies/fee-petitions; Survey https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf (both last visited June 6, 2017).  The Survey does not list the hourly rates for attorneys at private nonprofits, but instead provides the annual salaries and median and average hours worked per month.  Survey 21, 34.  Assuming an attorney in Portland works the median 174 hours per month, the median hourly rate for private nonprofits is $24.30; the hourly rates at the 75th and 95th percentiles are $29.21 and $54.86, respectively.  *See id.*

*Resp. to Pl.'s Mot. for Voluntary Dismissal*                                                                        2

staff, recruiting budgets, taxes, and a number of other expenses necessary to operate profitably in the private market. It is not evident what, if any, of those same expenses are incurred by a nonprofit law clinic operating out of, and subsidized by, a university. Nor is it clear who will profit if the Court awards any fees. Discovery on hourly rates will provide information about the extent of Earthrise's subsidy to the attorneys working on this case, which will inform the Court's determination of the appropriate hourly rate for the individuals associated with Earthrise.

The need for information on the proportion of the hourly rates subsidized by Earthrise and Lewis & Clark also distinguishes this case from other cases that have awarded either the statutory maximum or market rates to attorneys working at nonprofit organizations. *See, e.g.*, *Blum*, 465 U.S. at 894 ("Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization."); *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) ("Important public policy considerations dictate that [the court] should not punish an 'undercharging' civil rights attorney, but instead must award attorneys' fees based on prevailing market rates (or, under EAJA, where applicable, the adjusted statutory maximum hourly rates).").[2] Earthrise cannot credibly claim that awarding fees above the statutory cap here is necessary to further the same public policy considerations that motivated the courts in *Nadarajah* or *Blum*. As the environmental law clinic in a law school, its work would continue regardless of whether its salaried employees receive additional compensation from the taxpayer under EAJA. After all,

---

[2] Plaintiff may argue in its reply that the hourly rates claimed by its attorneys are prescribed by an earlier court decision. *See League of Wilderness Defenders v. U.S. Forest Serv.*, No. 3:20-cv-1307, 2014 WL 3546858 (D. Or. July 15, 2014). That decision is not binding, involved different facts, and does not constrain this Court's discretion in determining a reasonable hourly rate. That decision also applied the incorrect relevant community from the Survey when it examined private sector rates rather than rates for private nonprofits.

*Resp. to Pl.'s Mot. for Voluntary Dismissal*                                                                                                  3

law students pay tuition to Lewis & Clark for a legal education, and the university has an endowment to support its operations.

In a footnote, Plaintiff states "[i]f the Court is inclined to allow for discovery regarding fees, Plaintiff would also want the right to conduct discovery." Pl.'s Mot. 3 n. 4. But Plaintiff has not explained why it believes discovery from Defendants is necessary or relevant. It is Plaintiff's burden to show not only that it is an eligible, prevailing party,[3] but also that its hourly rates should exceed the statutory cap of $125 per hour. 28 U.S.C. § 2412(d)(2)(A); *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). No discovery is allowed on the question of whether the government's position was substantially justified. *Comm'r, INS v. Jean*, 496 U.S. 154, 160 (1990) (EAJA "directs a court to determine whether the Government's past position was substantially justified 'on the basis of the record…which is made in the civil action for which fees and other expenses are sought.'") (quoting 28 U.S.C. § 2412(d)(1)(B)); *United States v. Capener*, 608 F.3d 392, 405 (9th Cir. 2010). To the extent that Plaintiff seeks reciprocal discovery on hourly rates for government attorneys, that information is already available in the Survey. Survey 21 (Average salaries for government attorneys in Portland is $103,978, and the 75th and 95th percentiles are $122,750 and $155,425, respectively); *id*. at 34 (177 average hours worked per month).

Discovery on the hourly rates claimed by Plaintiff's attorneys is warranted and appropriate here because it will inform the Court what a reasonable hourly rate should be.

B.     **Discovery on hourly rates should occur prior to briefing.**

As for when the discovery should occur, judicial economy favors completing discovery on hourly rates prior to briefing on fees and expenses.

---

[3] 28 U.S.C. § 2412(d)(1)(B); *Thomas v. Peterson*, 841 F.2d 332, 337 (9th Cir. 1988).

*Resp. to Pl.'s Mot. for Voluntary Dismissal*                                                                                         4

Plaintiff states "the applicable statutes and rules provide a specific schedule that the parties should follow" for filing and briefing its motion for attorneys' fees and expenses. Pl.'s Mot. 3. But this proposal does not account for discovery motions or motions to stay briefing on the underlying motion for attorneys' fees and expenses while any discovery motions are pending.

To reduce motion practice and minimize the need for this Court's involvement, Defendants propose that the Court enter a schedule that requires the parties to conduct discovery on hourly rates prior to briefing, as follows:

| Date | Description |
| --- | --- |
| 21 days after Court dismisses case pursuant to Fed. R. Civ. P. 41 | Defendants serve discovery regarding hourly rates in Plaintiff's claim for attorneys' fees and expenses. |
| 30 days thereafter | Plaintiff's discovery responses and/or objections due to Defendants. |
| 14 days thereafter | Discovery motions due (if any). Discovery motions briefed in accordance with local rules. |
| 14 days after Court rules on all discovery motions | Plaintiff's motion for attorneys' fees and expenses due.<br><br>In the event there are no discovery motions, Plaintiff shall file its motion for attorneys' fees and expenses 21 days after Plaintiff's discovery responses and/or objections are due. |
| 28 days after Plaintiff's motion for attorneys' fees and expenses | Defendants' response brief due. |
| 14 days after Defendants' response brief | Plaintiff's reply brief due. |

By allowing discovery prior to briefing, both parties can present their opening and responsive arguments with access to all relevant information.

Plaintiff claims its inability to locate cases that allow discovery on fees prior to briefing counsels the Court against entering such an order. Pl.'s Mot. 4-5. But the Court has the inherent

power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (inherent power is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). The local rules also allow the Court to issue appropriate orders relating to the motion for attorney fees. LR 54-3(d). Concluding discovery on hourly rates prior to briefing is the most efficient way to gather and present information that would best assist the Court in resolving the dispute.

In the alternative, the Court could set a schedule that allows Defendants to seek discovery after Plaintiff files its opening brief, as follows:

| Date | Description |
| --- | --- |
| 30 days after Court dismisses case pursuant to Fed. R. Civ. P. 41 | Plaintiff's motion for attorneys' fees and expenses due. Briefing stayed until resolution of discovery motions, if any. |
| 21 days thereafter | Defendants serve discovery regarding hourly rates in Plaintiff's claim for attorneys' fees and expenses. |
| 30 days thereafter | Plaintiff's discovery responses and/or objections due to Defendants. |
| 14 days thereafter | Discovery motions due (if any). Discovery motions briefed in accordance with local rules. |
| 28 days after Court rules on all discovery motions | Defendants' response brief due. In the event there are no discovery motions, Defendants shall file their response to Plaintiff's motion for attorneys' fees and expenses 28 days after Plaintiff's discovery responses and/or objections are due. |
| 14 days after Defendants' response brief | Plaintiff's reply brief due. |

Under this alternative, Defendants would still have the opportunity to seek discovery on hourly rates, but briefing on the issues likely would be less efficient since Plaintiff's discovery

responses would be due after its opening brief.  Defendants' preferred schedule would obviate the need for lengthy reply briefing and minimize the potential need for a sur-reply.

### III.    CONCLUSION

For the foregoing reasons, the Court should dismiss the case pursuant to Rule 41(a)(2) and enter a scheduling order that permits Defendants to seek discovery on hourly rates prior to briefing Plaintiff's motion for attorneys' fees and expenses.

Respectfully submitted on this 8th day of June, 2017.

BILLY J. WILLIAMS
United States Attorney
District of Oregon

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/  John P. Tustin*
JOHN P. TUSTIN
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-3022 / Fax:  (202) 305-0506
john.tustin@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jesse A. Buss
jessebuss@gmail.com

Tom Buchele
tbuchele@lclark.edu

*Attorneys for Plaintiff*

>                    */s/  John P. Tustin*
>                    JOHN P. TUSTIN
>                    *Attorney for Federal Defendants*