Jesse A. Buss, OSB # 122919
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jessebuss@gmail.com

Tom Buchele, OSB # 081560
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
Tel: (503) 768-6736
Fax: (503) 768-6642
Email: tbuchele@lclark.edu

Attorneys for Plaintiff League of Wilderness Defenders/Blue Mountains Biodiversity Project

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **LEAGUE OF WILDERNESS DEFENDERS / BLUE MOUNTAINS BIODIVERSITY PROJECT** ) ) ) | Case No. 2:16-CV-01648-MO |
| Plaintiff, ) ) ) | **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES UNDER** |
| v. ) ) | **THE EQUAL ACCESS TO JUSTICE ACT (EAJA)** |
| **SLATER R. TURNER**, *et al.*, ) ) | |
| Defendants. ) ) | |

# MOTION

Plaintiff League of Wilderness Defenders/Blue Mountains Biodiversity Project ("LOWD/BMBP") hereby moves for an award of attorney's fees, expenses, and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), FRCP 54, and Local Rule 54-3 in the amount of $154,818.82. This amount reflects $49,775 for Jesse Buss' attorney's fees and $95,052 for the Earthrise Law Center's fees. Earthrise's fees include $62,985 for its co-director, Tom Buchele's, attorney's fees, $8,134 for legal fellow time, and $23,933 for law student clerks' time. Plaintiff also requests $9425.75 for time spent by Plaintiff's supporting experts and statutory costs of $566.07. This motion is supported by the following memorandum and by the declarations of Messrs. Buchele and Buss (which include their relevant time records), by the declaration of Karen Coulter, LOWD/BMBP's co-director, and by the declarations of expert witnesses Scott Jerger, Ralph Bloemers, Karl Anuta, Dave Becker, and Scott Thompson, that are being filed contemporaneously with this motion. Pursuant to LR 7-1(a)(1)(A), the undersigned certify that they have made a good faith effort through written and telephone conference to resolve this issue, but they have been unable to do so.

## MEMORANDUM IN SUPPORT OF MOTION

### Introduction

This case involved a challenge to the Walton Lake Restoration Project ("the Project"), a proposed commercial logging and/or commercial thinning project in and around the Walton Lake recreation area in the Ochoco National Forest. The United States Forest Service issued a Decision Memo approving the Project in December 2015. Plaintiff filed its complaint in August 2016 alleging the Project violated the National Forest Management Act (NFMA), the National Environmental Policy Act (NEPA), and both statutes' respective implementing regulations.

Plaintiff moved for a preliminary injunction in September 2016 to enjoin the Forest Service from beginning the commercial logging and thinning in Units 1–5 of the Project. Oral argument on the motion was held on October 6, 2016, and the Court granted Plaintiff's motion from the bench at the end of the hearing and entered a written order granting Plaintiff's motion a few days later. Docket #25. In its ruling the Court specifically noted that Plaintiff was likely to succeed on at least some of its claims. In response to the preliminary injunction the Forest Service voluntarily withdrew its Decision Memo later in October 2016. Following the withdrawal of the Decision Memo, at the request of the parties, the Court stayed all proceedings in the case so the parties could attempt to negotiate Plaintiff's claim for attorney's fees. Docket #30. Those negotiations were unsuccessful, however, and, in light of the Forest Service's earlier withdrawal of its challenged Decision Memo, which in substance gave plaintiff all the relief it originally sought in its complaint, Plaintiff filed a Rule 41 Motion to voluntarily dismiss its claims on May 25, 2017. Docket #34. That motion was granted and the order was entered on June 20, 2017, Docket #36. The Court subsequently dismissed all of plaintiff's claims without prejudice on July 6, 2017. Docket #39.

Memorandum in Support of Plaintiff's Motion for Attorney's Fees Under EAJA    1

EAJA provides that courts "shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action... including proceedings for judicial review of agency action, brought by or against the United States…unless the court finds that the position of the United States was substantially justified…." 28 U.S.C. § 2412(d)(1)(A). EAJA applies to this case because it is a civil action against a federal agency brought pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. EAJA applies to organizations like Plaintiff that have fewer than 500 employees, are tax exempt under 501(c)(3) of the Internal Revenue Code, and have a net worth of less than $7,000,000. *See* 28 U.S.C. § 2412(d)(2)(B). Congress enacted EAJA to improve citizen access to the courts by reducing the deterrent effect of litigation expenses for those who successfully challenge government action. *Sullivan v. Hudson,* 490 U.S. 877, 883 (1989); *U.S. v. 101.8 Acres of Land*, 716 F.2d 714, 720 (9th Cir. 1983).

The Supreme Court described the statements and showings required for attorney's fee petitions under EAJA: "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award[ ]; (3) a statement of the amount sought together with an itemized account of time expended and rates charged." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004). Additionally, the Court held that 28 U.S.C. § 2412(d)(1)(B) adds a fourth element "requiring the applicant to simply 'allege' that the position of the United States was not substantially justified." *Id*. Petitions for attorney's fees under EAJA must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Final judgment is defined by statute as the date when a judgment becomes non-appealable. 28 U.S.C. § 2412(d)(2)(G).

I.      **This petition is timely and Plaintiff is an eligible party under EAJA.**

As described above, EAJA allows a prevailing plaintiff to file a petition for EAJA fees up to thirty days after the judgment becomes final. 28 U.S.C. § 2412(d)(1)(B). In this case, the July 6, 2017 order dismissing the Complaint is a non-appealable final judgment for EAJA purposes because Defendants agreed to the Rule 41 voluntary dismissal. ECF No. 35 at 2 ("Defendants agree with Plaintiff that the Court should dismiss the case pursuant to Rule 41(a)(2)."). This EAJA petition is timely filed within thirty days of this Court's July 6th order.[1]

Plaintiff is an eligible party under EAJA: Plaintiff is a 501(c)(3) corporation with an individual net worth of less than $7,000,000 and fewer than 500 employees at the time suit was filed. *See* Coulter Decl. at ¶¶ 3–4.

## II. Plaintiff is the prevailing party.

A "prevailing party" is one "who has been awarded some relief by the court." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001) (internal quotations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (a prevailing party is a party who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.") (internal quotations omitted). In this case, Plaintiff is the "prevailing party" as defined by the Supreme Court.

This Court, in *Turner*, recently explained how and when a Plaintiff can be a prevailing party under EAJA after it voluntarily dismisses its claims under FRCP 41. 2016 WL 1048893, **3-5. Very similarly to the situation in *Turner*, Plaintiff here is the prevailing party because Plaintiff obtained a preliminary injunction enjoining the Forest Service from moving forward with the Project, and the Forest Service subsequently withdrew its own approval of the Project.

---

[1] As this Court recently noted in *Turner v. Vilsack,* 2016 WL 1048893, *3, n.1 (D.Or. March 14, 2016) there is a split of authority regarding when EAJA petitions must be filed after a voluntary dismissal. For that reason, and in an abundance of caution, Plaintiff will refile this exact same petition between 60 and 90 days after the Court's July 6th Order.

*See Watson v. County of Riverside*, 300 F.3d 1092, 1095–96 (9th Cir. 2002) ("[A] plaintiff who obtains a preliminary injunction is a prevailing party . . . even though the underlying case becomes moot." (Discussing *Williams v. Alioto*, 625 F.2d. 845, 847 (9th Cir. 1980))). Thus, by obtaining an injunction enjoining the Forest Service from implementing the Project, and where that injunction was based on a ruling that Plaintiff was likely to succeed on at least some of its claims, Plaintiff "obtained significant, court-ordered relief that accomplished one of the main purposes of [the] lawsuit." *Watson*, 300 F.3d at 1096; *see also Turner,* 2016 WL 1048893, * 4. This is sufficient to satisfy the *Buckhannon* standard for "prevailing party." *Id.* Further, as explained by the court in *Hensley,* "[w]here a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee." 461 U.S. at 435. There is no doubt that Plaintiff obtained excellent results in this case, especially considering that the Forest Service voluntarily withdrew its Decision Memo after the preliminary injunction was granted.

### III.   The Forest Service's position was not substantially justified.

EAJA creates a presumption that attorney's will be awarded to a prevailing party. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995) (internal quotations omitted). However, a federal defendant can avoid the imposition of attorney's fees by proving that its position was "substantially justified." 28 U.S.C. § 24122412(d)(1)(A). "The government has the burden of demonstrating substantial justification." *Or. Nat. Res. Council  v. Madigan*, 980 F.2d 1330, 1331 (9th Cir. 1992); *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990). The government must make a "strong showing" to meet this burden. *Or. Nat. Res. Council  v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995). Moreover, the government must make this showing with respect to both the agency's "underlying . . . action" and its "[litigation] position." 28 U.S.C. § 2412(d)(2)(D); *Bay Area Peace Navy*, 914 F.2d at 1230. Both positions must have a "reasonable

basis in law and fact." *Madigan*, 980 F.2d at 1331; *see also Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (so stating). The position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).

Although the federal defendant bears the burden of proving substantial justification, a prevailing party petitioning for attorney's under EAJA must "allege" in its petition that the U.S.'s position was not substantially justified. *Scarborough*, 541 U.S. at 407–08. Plaintiff so alleges. Not only did the Court grant Plaintiff's requested preliminary injunction—which included a finding that Plaintiff was "likely to succeed on the merits"—but the Forest Service voluntarily withdrew its Decision Memo shortly thereafter, implicitly acknowledging that its Decision Memo and associated litigation position were not substantially justified.[2]

### IV. No Special Circumstances Exist That Make A Cost And Fee Award Unjust.

EAJA permits courts to deny fee requests where the government, which bears the burden of proof on the issue, can establish that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). No such special circumstances exist here.

### V. The requested hourly rates are reasonable.

EAJA establishes a 1996 rate of $125 per hour that a court may increase if it "determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. §

---

[2] Indeed, if there were any doubt regarding that implicit concession, the Forest Service subsequently has issued a draft Environmental Assessment for virtually the same project, rather than relying on a categorical exclusion, and, in that EA, the Forest Service is evaluating Forest Plan amendments rather than relying on "exceptions" to the Eastside Screens. U.S. FOREST SERV., WALTON LAKE RESTORATION PROJECT: ENVIRONMENTAL ASSESSMENT AND FOREST PLAN AMENDMENTS 131 (Mar. 2017) (available at http://data.ecosystem-management.org/nepaweb/nepa_project_exp.php?project=47019#).

2412(d)(2)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4 (2002). This Court should, at a minimum, adjust the hourly rates for Plaintiff's attorney for the increase in the cost of living since 1996.[3] But in this case special factors make a larger adjustment appropriate.

    <u>Special Factors Adjustment</u>

    Recognizing that the EAJA rates are too low in some instances to enable a litigant to obtain competent legal representation, EAJA provides for fee enhancements where special factors, such as the limited availability of qualified attorneys for the proceedings, are present. In *Pierce v. Underwood*, the Supreme Court clarified that reimbursement above the EAJA rate is allowed where an attorney is "qualified for the proceedings' in some specialized sense." 487 U.S. 552, 572 (1988). In the Ninth Circuit three factors must be met to justify a fee enhancement: (1) the attorney possesses "distinctive knowledge and skills developed through a practice specialty;" (2) those distinctive skills were needed in the litigation at issue; and (3) those skills were not available at the statutory rate. *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). Here, each of these factors weighs in favor of a fee enhancement. Plaintiff seeks $475/hr for Tom Buchele's work, $250/hr for Jesse Buss' work, $140/hr for Legal Fellow Doug DeRoy's work, and $130/hr for student law clerk work. These rates are reasonable as Plaintiff's experts attest in their concurrently-filed declarations.

---

[3] This Court should adjust upward the hourly rate to account for the cost of living since 1996. The Ninth Circuit has approved this adjusted rate as "proper." *U.S. v. Real Property Known as 22249 Delorosa St.,* 190 F.3d 977, 984-85 (9th Cir. 1999). The adjustment is calculated by enhancing the base rate under EAJA of $125 per hour by the consumer price index for urban consumers ("CPI-U") for the years in which the fees were earned. *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). This calculation multiplies the base EAJA rate by the average Western CPI-U for 2016 (247.705) and the first half of 2017 (253.112) (data available at https://data.bls.gov/timeseries/CUUR0400SA0, last visited on July 19, 2017), and divides the results by 156.4 – the Western CPI-U for March 1996. Using this formula for calculating the cost of living adjustment, the base EAJA hourly rates for Plaintiff's attorneys are $197.97 for 2016 and $202.29 for 2017.

1. <u>Plaintiff's attorneys possess distinctive knowledge and skills.</u>

Plaintiff seeks an appropriate upward adjustment from the adjusted EAJA rate to account for counsels' specialized expertise in environmental law. The Ninth Circuit and this Court have consistently recognized that environmental litigation is a specialty area justifying an upward adjustment in EAJA fees. *Love*, 924 F.2d at 1496 (finding that "[e]nvironmental litigation is an identifiable practice specialty that requires distinctive knowledge"); *LOWD v. U.S. Forest Serv.*, 2014 WL 3546858, * 12 (D.Or. July 15, 2014).

Both Tom Buchele and Jesse Buss are qualified as specialists in the field of environmental litigation. *See* Jerger Decl. ¶19, Bloemers Decl. ¶20. Further, Buchele has significant experience litigating public interest environmental cases. *See* Buchele Decl. ¶¶6–10. Buchele teaches a class on environmental litigation and is the Co-Director and Managing Attorney for the Earthrise Law Center, an environmental litigation clinic at Lewis & Clark Law School. *Id.* at ¶8. Jesse Buss took extensive coursework in environmental and natural resource law as a student at Lewis & Clark Law School that culminated in obtaining the school's Certificate in Environmental and Natural Resources Law. Buss Decl. ¶¶3–5; *see also Turner* 2016 WL 1048893 at *7 (stressing that attorney expertise "from . . . specialized training" justifies fee enhancement (quoting *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 950–51 (D.C. Cir. 2005))). This distinctive specialization in the field of federal environmental litigation warrants EAJA fee enhancements. *See, e.g., LOWD v. U.S. Forest Serv.,* 2014 WL 3546858, *12 (collecting cases).

2. <u>The attorneys' skills were needed in this litigation.</u>

Courts may deviate from EAJA's statutory caps when plaintiffs encounter "limited availability of 'attorneys having some distinctive knowledge or specialized skill *needful for the*

*litigation* in question.'" *Pirus v. Bowen,* 869 F.2d 536, 541 (9th Cir. 1989) (quoting *Pierce*, 487 U.S. at 572). Here, Plaintiff's attorneys' distinctive skills were needed in this litigation. *See* Coulter Decl. at ¶¶ 6–7; Jergen Decl. ¶20; Bloemers Decl. ¶20. This case called for intimate familiarity with an array of federal environmental law issues, including familiarity with Forest Plans, NFMA, NEPA, and NEPA project documentation. It would have taken attorneys without specialized knowledge and expertise in this area countless hours simply learning this complex area of law and fact. This case clearly called for distinctive knowledge and specialized skills in the area of federal environmental litigation above and beyond what is ordinarily available at the EAJA market rates. *See, e.g. LOWD.,* 2014 WL 3546858, at *12-13 (finding such skills necessary in a APA/NEPA case).

Three independent attorneys who have reviewed this case attest that the skill, experience, and understanding the Plaintiff's attorneys brought to it were necessary. *See generally* Jerger Decl. ¶20, Bloemers Decl. ¶20; Becker Decl. ¶41. Buchele and Buss have practices specifically devoted, at least in part, to public interest environmental law. Their underlying knowledge of environmental issues and related laws, including NEPA and NFMA, give them distinctive knowledge and specialized skills that are required to successfully handle cases such as this one.

3. <u>The attorneys' skills were unavailable at the EAJA base rate.</u>

In order to show cause for an increase over the base EAJA rate, a party must show that the needed litigation "skills [were not] available elsewhere at the statutory rate." *Love*, 924 F.2d at 1496. This Court specifically found in 2014, for a case filed in 2010, that qualified attorneys were not available at the statutory EAJA rate for a similar case against the Forest Service raising NEPA and NFMA issues. *LOWD,* 2014 WL 3546858, at *13. As several of the supporting declarations in this case demonstrate, that situation several years later has not changed—Plaintiff

Memorandum in Support of Plaintiff's Motion for Attorney's Under EAJA                                                  8

could not find qualified counsel in the area who would have taken this case at the statutory EAJA rate or without the possibility of recovering fees at reasonable market rates.. *See* Coulter Decl. ¶ 5; Becker Decl. ¶42; Bloemers Decl. ¶26.

4. <u>Plaintiff's requested hourly rates are reasonable and consistent with the OSB survey.</u>

Because enhanced rates are appropriate in this case, the Court looks to the prevailing market rate to set reasonable hourly rates for counsel. *LOWD,* 2014 WL 3546858, at * 13. In *LOWD*—a case brought by the same plaintiff and involving NEPA and NFMA claims against the same federal agency defendant—this Court specifically found that the OSB Survey and other evidence directly supported a $450/hour rate for Mr. Buchele's work, and $125 for Earthrise law student work, performed between 2010-2014, but mostly in 2011 and 2012. *Id*., at *13-15. Plaintiff believes these specific findings are binding on the same federal defendant agency in this case, and the only issue regarding Mr. Buchele's and Earthrise law students' reasonable hourly rate that the Forest Service can dispute is how much those hourly rate should be increased because the work here was performed several years after the legal work in *LOWD*. *See Montana v. United States*.440 U.S. 147, 155–56 (1979); *U.S. v. Stauffer Chemical,* 464 U.S 165, 168–71 (1984) (upholding application of both mutual defensive and offensive collateral estoppel against federal government).

But even if the Forest Service is not completely bound by the ruling in *LOWD* regarding Mr. Buchele's and Earthrise law students' reasonable hourly rate*,* Plaintiff's evidence here overwhelmingly establishes that Plaintiff's requested hourly rates for Mr. Buchele, Mr. Buss, Earthrise's legal fellow and Earthrise's law student clerks are reasonable. Pursuant to the Practice Tip to LR 54-3, Plaintiff's attorneys' hourly rates are reasonable based on the most recent Oregon State Bar Economic Survey. According to the Survey, published in 2012 and

reflecting 2011 rates, real estate/land use/environmental law attorneys in Portland at the 25th percentile charged $261/hour; at the 75th percentile charged $396/hour; and at the 95th percentile charged $500/hr. 2012 OSB Survey, p. 32.  In terms of years in practice, Tom Buchele has been practicing environmental law for 30 years, and Jesse Buss for 5 years. For lawyers practicing 21–30 years, in 2011 lawyers in the 75th percentile in Portland charge $399/hour and lawyers in the 95th percentile charge $470/hour. *Id.* at 30. For lawyers practicing for 4–6 years, in 2011 lawyers in the 75th percentile in Portland charged $250. *Id.* at 29. Rates have only gone up since 2011. *See* Jerger Decl. 17; Anuta Decl. ¶12**.**

All five of Plaintiff's experts agree in their declarations that Plaintiff's requested hourly rates are reasonable using the OSB Survey and other benchmarks for determining reasonable rates for the work performed in this case in 2016 and 2017. *See* Jerger Decl. ¶¶15–23; Bloemers Decl. ¶¶18–30; Becker Decl. 33–47; Thompson Decl. ¶¶6-9 (noting that $250/hr is Mr. Buss' actual market-based hourly rate, that he regularly bills and collects from clients at that rate when working on retainer, and that $250/hr is between the 50th and 75th percentiles for attorneys with 4-6 years of experience for the Portland and Tri-County regions).

Based on the Forest Service's response to Plaintiff's Rule 41 motion, Docket # 35, the Forest Service will argue that Mr. Buchele and the Earthrise legal fellow and students are not entitled to market rates because they are affiliated with a legal clinic that is part of a law school. Apparently the Forest Service intends to argue that plaintiffs who engage law school clinics are only entitled to some sort of cost-based fee recovery. The U.S. Supreme Court and Ninth Circuit have expressly rejected the argument that plaintiffs who retain lawyers who work for non-profit legal services organizations should not receive market rates under fee-shifting statutes. *Blum v. Stenson,* 465 U.S. 886, 892-896 (1984); *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009).

As the Seventh Circuit explained, "under *Blum*…the court should make an award representing the cost the victorious litigant would have incurred to buy legal services in the market, no matter how the litigant actually acquired those services." *Cent. States, Se. and Sw. Areas Pension Fund v. Cent. Cartage Co.*, 76 F.3d 114, 117 (7th Cir. 1996).

There is absolutely nothing in either *Blum* or *Nadarajah* that even remotely suggests that there should be an exception to market rate fee recovery for clinics at law schools. This Court rejected a similar but more targeted argument directed at LOWD's request to recover fees for law student work in 2014, noting that the argument was not supported by "legal authority and lacks merit." *LOWD,* 2014 WL 3546858, *15. Other courts agree. *See, e.g., Prouix v. Citibank, N.A.,* 709 F.Supp. 396, 398 (S.D. N.Y. 1989) (defendant's argument that law school clinics cannot recover fees "is foreclosed by *Blum*" and the fact "[t]hat [the clinic] has an educational mission is irrelevant to any determination of whether or not its clients are eligible for a fee recovery."); see also *Jordan v. U.S. Dept. of Justice,* 691 F.2d 514, 523-524 (D.C. Cir. 1982) **(**the court could "discern no reason why FOIA's statutory authorization of attorneys' fee awards should not encompass student work in law school clinics.")**.**

In 2015, in *Froio v. McDonald,* the federal government pursued a similar argument before the U.S. Court of Appeals for Veterans Claims, challenging the market rate fees sought under EAJA for the veteran claimant in that matter who was represented by a law school clinic. 27 Vet. App. 352, 356–59 (2015) (opinion available on Westlaw). That tribunal rejected the federal government's arguments. Admittedly, this is not controlling precedent or precedent from an Article III court. However, the *Froio* tribunal relies on EAJA and Article III case law

interpreting EAJA when offering a well-supported and compelling rationale for rejecting arguments like those that the Forest Service apparently intends to make here.[4]

5. <u>Plaintiff can recover for legal fellow and law student clerk time at the requested rates.</u>

Courts recognize that a plaintiff can recover for legal clerk and law student time under fee shifting statutes and that such work adds value and often reduces the overall cost of litigation. See *Rocky Mountain Wild v. Vilsack,* 2013 WL 3233573,*5-9 (D.Colo. June 26, 2013)**.** As this Court recently held, *LOWD,* 2014 WL 3546858**,** at *****15-16, a requested hourly rate of $125 for law student work, mostly in 2011 and 2012, was a reasonable rate. *See also* Buchele Decl. ¶ 14 (explaining how student work reduced attorney expenses). Plaintiff's experts explain why $130 is a reasonable rate for the student work, and $140 is a reasonable rate for the legal fellow's work, performed in 2016 and 2017. *See* Jerger Decl. ¶23, Blomers Decl. ¶24; Becker Decl. ¶48**.**

**VI.    The Hours for which Plaintiff's attorneys seek compensation are reasonable.**

Plaintiffs successfully obtained a preliminary injunction preventing the Forest Service from beginning the Project until litigation was completed. Since approval for the Project was later revoked while the injunction was in place, Plaintiff achieved the exact ultimate objective of the case: the withdrawal of the Decision Memo. A plaintiff  "who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *LOWD,* 2014 WL 3546858 *6 (quoting *Hensley,* 461 U.S. at 440).

Itemization of attorney time by Plaintiff's counsel, legal fellow, and law student clerks is attached to Tom Buchele's and Jesse Buss' declarations. Plaintiff has submitted both its attorneys' unedited time, Buchele Decl. ¶12, Exhibit A, Buss Decl. ¶11, Exhibit 1 and their

---

[4] Although it is legally irrelevant to LOWD's fee request, see *Froio,* 27 Vet. App. at 360*,* the Forest Service's unsupported assertion in its response to LOWD's Rule 41 motion that Earthrise has no financial need to receive attorney's, see Doc. # 35 at 3-4, is factually incorrect. See *LOWD v. USFS*, CV 10-1397-SI, Document 124-2, ¶3.

edited time, after exercising billing discretion. Buchele Decl. ¶13, Exhibit B, Buss Decl. ¶12, Exhibit 2. Plaintiff is seeking to recover only for that edited time, and that edited time spent working on this case is reasonable. The time spent by Plaintiff's counsel is in line with other cases involving public lands lawsuits. In *LOWD*, this Court approved hundreds of hours resulting in an award of attorney and student fees of almost $175,000.00. 2014 WL 3546858, at *7–9, 15 & n.7, n.8. Significantly, in that case the plaintiff was less successful than Plaintiff was here, achieving only a partial vacatur of the agency decision. *Id.* at *2. As Expert Declarant Becker explains, Plaintiff's requested time for researching and drafting its complaint and for briefing and arguing its motion for a preliminary injunction compares very favorably to a recent fee award from this Court in a civil rights case. Becker Decl. ¶¶ 21–22, (citing *Prison Legal News v. Columbia City,* 2014 WL 1225100, *9–10 (D.Or. Mar. 24, 2014)).

      Plaintiff's requested hours include time spent attempting to negotiate a fee settlement and preparing this petition. The law is clear that Plaintiff counsel is entitled to seek to recover for its attorneys' time spent on "fees on fees" work as well as time spent on settlement negotiations. *Comm'r INS v. Jean,* 496 U.S. 154, 162, 164 (1990) ("If the Government could impose the cost of fee litigation on prevailing parties…the financial deterrent that the EAJA aims to eliminate would be resurrected."); *Sorenson v. Concannon*, 161 F.Supp.2d 1164, 1169 (D.Or. 2011) (time spent on unsuccessful settlement is recoverable under EAJA). Plaintiff's requested hours for these tasks are also reasonable. Becker Decl. ¶¶ 23-24.

      Plaintiff's counsel have applied billing judgment to their time records, and have excluded from their fee request "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434**;** *see also* Becker Decl. ¶19. Mr. Buchele deducted time spent with students where the primary purpose was educational rather than advancing the litigation. Buchele Decl. ¶

13. Furthermore, multiple expert witnesses with specialized knowledge of the type of environmental litigation involved in this case agree that the hours Plaintiff's counsel spent on this case were reasonable given the complex nature of Plaintiff's claims. *See* Bloemers Decl. ¶¶14–17; Jerger Decl. ¶¶24–27; Becker Decl. ¶¶19–26; Anuta Decl. ¶¶6–9.

### VII. Plaintiff's expert fees are recoverable.

EAJA explicitly provides for the recovery of expert fees. 28 U.S.C. § 2412(d)(2)(A). Here, to recover under EAJA, Plaintiff's counsel is required to seek expert declarations from peer attorneys on the issues briefed above regarding the specialization, skill, and time spent by Buss and Buchele. Plaintiff incurred expert fees of $9,425.75 for time spent by Dave Becker, Scott Jerger, Karl Anuta, and Scott Thompson in preparing the attached expert declarations. These fees are itemized in their respective declarations.[5] Plaintiff seeks to recover these expert fees from the Forest Service. Submitting declarations from multiple experts is not duplicative when the plaintiff knows that the government intends to dispute many aspects of its fee petition. *LOWD,* 2014 WL 3546858, at *10.

### VIII. Reasonable Costs and Other Expenses

EAJA authorizes an award of "costs" as enumerated at 28 U.S.C. § 1920, as well as "other expenses." 28 U.S.C. § 2412(a)(1), § 2412(d)(1)(A). The Ninth Circuit has interpreted "other expenses" under EAJA to include "costs that are normally billed to a client," such as telephone calls, postage, and attorney travel expenses. *Int'l Woodworkers of Am. v. Donovan*,

---

[5] Plaintiff's expert Ralph Bloemers was unable to submit his time with his declaration. Plaintiff will submit it with its reply brief.

792 F.2d 762, 767 (9th Cir. 1985). Plaintiff has already submitted its Bill of Costs seeking $566.07 in statutory costs. Docket #37.[6] Plaintiff is not requesting any other costs or expenses.

## CONCLUSION

Plaintiff's petition meets the necessary requirements for timing, showings, statements, and allegations and Plaintiff is entitled to an award of EAJA attorney's in this case. For the foregoing reasons, and in light of all of the factors discussed herein, Plaintiff respectfully requests an award of fees and costs in this case in the amount of $154,818.82.[7]

Dated this 19th day of July 2017.

Respectfully submitted,
s/ Tom Buchele
Tom Buchele, Managing Attorney
OSB # 081560
Earthrise Law Center
10015 S.W. Terwilliger Blvd.
Portland, OR 97219
503-768-6736
tbuchele@lclark.edu
Counsel for Plaintiff LOWD/BMBP

s/ Jesse A. Buss
Jesse A. Buss, OSB # 122919
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jessebuss@gmail.com
Counsel for Plaintiff LOWD/BMBP

---

[6] Because plaintiff submitted its Bill of Costs based on the Courts June 20, 2017 Order granting its motion to dismiss and before the Court entered its July 6, 2017 Order actually dismissing Plaintiff's claims, Plaintiff will refile an identical, post-judgment Bill of Costs.

[7] Plaintiff will supplement this request with its attorney time spent preparing its reply brief when it submits that brief.