Jesse A. Buss, OSB # 122919
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jessebuss@gmail.com

Tom Buchele, OSB # 081560
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
Tel: (503) 768-6736
Fax: (503) 768-6642
Email: tbuchele@lclark.edu

Attorneys for Plaintiff League of Wilderness Defenders/Blue Mountains
Biodiversity Project

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEAGUE OF WILDERNESS DEFENDERS / BLUE MOUNTAINS BIODIVERSITY PROJECT**<br><br>Plaintiff,<br><br>v.<br><br>**SLATER R. TURNER**, *et al.*,<br><br>Defendants. | Case No. 2:16-CV-01648-MO<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DISCOVERY ON HOURLY RATES** |

**Introduction**

Defendants' Motion for Leave to Conduct Discovery on Hourly Rates [ECF # 54] has no merit whatsoever. It cites no affirmative legal support for the specific, "rare" discovery regarding fees that Defendants seek; it almost entirely ignores the overwhelming weight of binding and contrary legal authority; and it seeks entirely irrelevant, unnecessary and intrusive discovery that would only serve to further delay the resolution of Plaintiff's well-supported request for attorneys' fees.

Although Defendants assert that their requested discovery is "narrowly tailored," Mot. at 5, their motion in fact is remarkably vague about what information they would seek if their motion were granted. Defendants seem to believe they are entitled to internal, confidential financial information regarding Plaintiff's counsel, the Earthrise Law Center ("Earthrise"), and Lewis & Clark College, so they can argue that Plaintiff is only entitled to recover attorneys' fees for Earthrise's work at hourly rates that are "necessary to sustain its operations." Mot. at 3. Defendants fail to cite a single case that has allowed similar, intrusive discovery regarding a law clinic's finances in order to evaluate a Plaintiff's requested hourly rates for its law clinic counsel. Defendants' motion simply ignores the Supreme Court's admonition in *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) that "[a] request for attorney's fees should not result in a second major litigation," and they make no real attempt to explain why this case is one of the "rare occasion[s]" where discovery should be allowed regarding attorneys' fees. *See* Fed. R. Civ. Pro. 54(d) Notes of Advisory Committee on Rules – 1993 Amendment.

Perhaps more importantly, binding Supreme Court and Ninth Circuit case law instructs that hourly rates for a prevailing plaintiff's counsel are based on market rates, "regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson,* 465 U.S. 886,

895 (1984); *Nadarajah v. Holder,* 569 F.3d 906, 916 (9th Cir. 2009) (following *Blum* and rejecting argument that awarding market based fees under EAJA would result in "windfall" to ACLU attorneys). No case cited by Defendants even suggests, much less holds, that there is some exception to the reasoning and broad holdings of these cases for law clinics that "share[] their nonprofit incorporation with, or benefit[]from the considerable resources of, an institution of higher learning." Mot. at 3.

Another fundamental problem with Defendants' "theory" is that, under EAJA, any fee award belongs to the Plaintiff. *Astrue v. Ratliff,* 560 U.S. 586, 598 (2010). Thus, if Plaintiff establishes that enhanced rates are justified under EAJA, which it already has done, *see* Fee Petition [ECF # 43] at 5-8, *see also League of Wilderness Defenders v. United States Forest Serv.*, No. 10-01397, 2014 WL 3546858, *12-13 (D. Or. 2014) ["*LOWD*"], Plaintiff here can recover for its attorneys' time at market rates. It is entirely up to Plaintiff, and irrelevant to the calculation of a reasonable fee award, whether Plaintiff keeps that fee award or gives it all to Earthrise and/or Lewis & Clark College.

The real motivation for Defendants' meritless discovery motion is found in the motion memorandum's third sentence, where Defendants note and complain about the hourly rates that Plaintiff seeks for its Earthrise counsel and Earthrise fellow and students. Mot. at 1. Plaintiff and this same defendant agency, the U.S. Forest Service, litigated the appropriate hourly rates for this same Earthrise attorney and for Earthrise students before Judge Simon just a few years ago in a case that also involved NEPA and NFMA claims. *LOWD*, 2014 WL 3546858, *2, 12-15. The market-based rates Plaintiff requests here for its Earthrise counsel are based on the rates approved by Judge Simon only three years ago. This motion represents a rather desperate attempt

to overturn Judge Simon's findings based on legal arguments that have no support and on irrelevant, confidential financial information that Defendants have no right to discover.

Defendants' motion is wholly without merit.[1] The Court should deny it summarily and order Defendants to respond to Plaintiff's fee petition without further delay.

**Argument**

As is explained in Plaintiff's fee petition, despite EAJA's statutory cap on hourly rates, a prevailing Plaintiff is entitled to recover enhanced, market-based hourly rates for its counsel's time when the Plaintiff establishes that Plaintiff's attorney possesses "distinctive knowledge and skills developed through a practice specialty;" (2) those distinctive skills were needed in the litigation at issue; and (3) those skills were not available at the statutory rate. Pet. at 6, *quoting Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991); *see also LOWD,* 2014 WL 3546858, *12. Apparently Defendants' motion for discovery assumes for purposes of that motion that Plaintiff's Fee petition has in fact established that Plaintiff is entitled to enhanced rates for its counsel. Defendants seek discovery in order to argue that in this case such enhanced rates should be based on something other than prevailing market rates for similarly experienced and qualified counsel. *See* Mot. at 1*; but see LOWD,* 2014 WL 3546858, *13-15 (examining evidence regarding market rates to determine reasonable hourly rates for Earthrise attorney Buchele and students).

---

[1] As Plaintiff has already noted in its response to Defendants' motion to stay briefing on Plaintiffs' fee petition, ECF # 57 at 2, fn. 1, in light of the extraordinary discovery that Defendants are seeking and the significant burden of proof they must carry, their discovery motion is so poorly supported that Plaintiff is concerned that it and the Court will not see the bulk of Defendants' arguments until Defendants file their reply brief. As Plaintiff discusses below, Defendant's discovery motion simply ignores many relevant cases that Plaintiff cited in its Rule 41 motion, ECF #34, at 4-5 and in its Fee Petition, ECF # 43, at 10-11. Because Plaintiff will not have had an opportunity to respond to any new arguments and case law that suddenly appear in Defendants' Reply, the Court should deem those arguments waived. See *Carver v. Comm'r of Soc. Sec.,* 2013 WL 2422622, *1 (D. Or. 2013).

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR                      3
LEAVE TO CONDUCT DISCOVERY ON HOURLY RATES

Defendants motion should be denied summarily because: (1) they cite no case allowing such fee discovery regarding how a prevailing party's counsel is funded, (2) they cite no case holding or even suggesting that the discovery they seek is in any way relevant to determining market rates for a prevailing plaintiff's counsel, and (3) allowing such broad and vague discovery regarding Plaintiff's counsel's confidential financial information would undermine the policy underlying FRCP 54 that discovery regarding fees be allowed only on "rare occasion" and the Supreme Court's admonition that fee disputes should not turn into "a second major litigation." Fed. R. Civ. Pro. 54(d) Notes of Advisory Committee on Rules – 1993 Amendment; *Hensley*, 461 U.S. at 437. Moreover, although it is not relevant to Plaintiff's fee petition in any way, many of the assertions in Defendant's motion about how Plaintiff's counsel the Earthrise Law Center is actually funded are not correct.

   *I.     This case does not present a "rare occasion" where fee discovery is justified.*

In light of the admonition in *Hensley* that fee disputes "should not result in a second major litigation," 461 U.S. at 437, and the advisory committee comment to FRCP 54(d) that discovery regarding fees should only be necessary on "rare occasions," a party seeking such discovery faces a "high burden" and "must demonstrate substantial need for additional information to justify discovery." *New Mexico v. Valley Meat Co., LLC,* 2015 WL 9703255, *26 (D. N.M. 2015) (collecting cases from multiple jurisdictions, including *Wyatt v. Ralph's Grocery Co.,* 65 Fed. Appx. 589, 591 (9th Cir. 2003)).[2]

---

[2] The "high burden" imposed by this case law on fee discovery requests is even more appropriate in light of the recent amendments to FRCP 26(b)(1) that now require that any requested discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). While FRCP 26(b)(1), by its own terms, only applies to discovery related to the

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR  4
LEAVE TO CONDUCT DISCOVERY ON HOURLY RATES

Although Plaintiff has repeatedly pointed out the case law that makes fee discovery so unusual and requested that Defendants cite case law that supports their specific fee discovery request, Defendants' motion still fails to cite a single case that authorizes the type of fee discovery sought by their motion. Rather than cite such relevant case law, Defendants offer a grossly misleading cite to the Supreme Court's decision in *Blum,* and suggest that the petitioner's arguments regarding the respondent's requested market rates were not considered by the Supreme Court because the petitioner lacked relevant evidence. Motion at 2, citing *Blum,* 465 U.S. at 892 n.5.

The Supreme Court's footnote 5 in *Blum* very clearly states that before the Supreme Court the petitioner's only challenge to the respondent's counsel's hourly rates was their argument that "fee awards should be based on cost rather than on prevailing market rates." The Supreme Court rejected that argument as a matter of law, not because of any lack of evidence. *Blum,* 465 U.S. at 895-896. Footnote 5 in *Blum* then goes on to explain that it was only petitioner's argument regarding *the number of hours* charged by respondent's counsel that the Court rejected for lack of evidence; the petitioner had not offered any evidence before the district court regarding the reasonableness of the number of hours charged by respondent's counsel. *Id.* at 892, n.5.

If there were any doubt that lack of evidence regarding the extent of the financial need of the respondent's counsel in *Blum* did *not* prevent the petitioner in that case from making the argument that Defendants seek to make here, such doubt would be resolved by footnote 3 in that

---

merits of "any party's claim or defense," and not to discovery related to post-merits attorney fee litigation, the FRCP 26(b)(1) factors should be considered when post-merits attorney fee discovery is sought because, at the very least, any (presumptively disfavored) post-merits discovery that is allowed should not be *more* expansive than merits-related discovery. Defendants make no attempt to address the FRCP 26(b)(1) factors in their motion, and most if not all of the factors favor not allowing the Defendants' already disfavored fee discovery.

same opinion. *Id.* at 890, n.3. There, the Supreme Court notes that the respondent's counsel is part of an organization whose budget is mostly funded by private donations. *Id.* Thus the Supreme Court was well aware that its ruling allowed the respondent to recover market based fees for an organization that did not really need the money. Absolutely nothing in *Blum* even remotely supports Defendants' request here for discovery to support a cost-based challenge to Plaintiff's requested market rates.

In a footnote, Defendants also note that there was discovery regarding fees in *Proulx v. Citibank,* 709 F. Supp. 396, 401 (S.D.N.Y. 1989). Mot. at 4, n.1. That opinion, however, was addressing the actual fee award and not the underlying discovery and does not explain why discovery was allowed. *Proulx*, 709 F. Supp. at 397. In fact the Court awarded the plaintiff some fees regarding the defendant's fee discovery because it was "partially unnecessary." *Id.* at 401. *Proulx* thus offers no real support for Defendants' specific discovery request here, which explains why Defendants only cite to it in a footnote.

In a case Defendants ignore, even though it was cited by Plaintiff in its Rule 41 motion, ECF # 34 at 5, when denying fee discovery this Court explained that fee discovery is especially inappropriate when the parties have previously litigated fees and where the party requesting fees has submitted a properly supported fee petition. *Prison Legal News v. Umatilla Cnty,* No. 12-01101, 2013 WL 2156471, *3-4 (D.Or. 2013) (Mosman, J., adopting recommendations of Magistrate Judge Sullivan). As already noted, the parties to this case have already litigated fees in this district, *LOWD,* 2014 WL 3546858, but other than conclusorily asserting that this prior case "involved different facts," Mot. at 4, Defendants offer no explanation whatsoever as to why the Court in that very recent case was able to determine the proper hourly rates for Earthrise's

attorney and students without the need for discovery and why the Court's findings regarding those rates should not now be binding.³

As was the case in *Prison Legal News,* Plaintiff's fee petition here is also fully and properly supported, and there is therefore no need for discovery for the Court to determine what constitutes a reasonable fee award. *See* 2013 WL 2156471, *4. Plaintiff submitted declarations from its counsel that included detailed time sheets, including time sheets showing both their unedited time and their requested, edited time, which represents a reduction in hours to account for possibly unnecessary or inefficient work by them and the Earthrise students and fellow. *See* ECF # 44 at 6-7; ECF # 44-1; ECF # 44-2; ECF # 45 at 5, Ex. 2. They also submitted declarations from five experts, who opined that their requested hourly rates were reasonable. ECF # 47 at 15-25; ECF # 48 at 5-7; ECF # 49 at 1, 8, 10-13; ECF # 50 at 2, 7-14; ECF # 51 at 2-4. This is essentially the same sort of supporting evidence that the Court in *Prison Legal News* appears to have relied upon, *see* 2013 WL 2156471, *4-10 (citing to the plaintiff's motion and supporting declarations), and it is the exact same type of evidence that Judge Simon in *LOWD* relied upon in evaluating the fee dispute in that case between these same parties. *See* 2014 WL 3546858, *5-15 (citing to declarations from LOWD's counsel and experts).

---

³ Plaintiff's Fee petition specifically argues, and cites relevant, supporting case law, that Defendants here are bound by these prior judicial findings under well-established collateral estoppel rules. Pet. at 9. Defendants' discovery motion does not respond in any meaningful way to this specific argument and law. Plaintiff does not believe that the Court needs to fully resolve Plaintiff's collateral estoppel argument in order to deny Defendants' request for discovery, but the fact that the same parties in this case have previously litigated fees, recently, without discovery, in a legally and factually very similar case significantly undercuts Defendants' motion for discovery. Plaintiff assumes the Defendants will actually address the substance of Plaintiff's collateral estoppel argument when they respond to Plaintiff's Fee Petition. After Plaintiff has seen that response, Plaintiff will press, and ask the Court to decide, its collateral estoppel argument in its reply brief in support of its fee petition.

The *Prison Legal News* opinion also notes that when fee discovery is allowed the requests are narrowly tailored. 2013 WL 2156471, *4. In that case this Court described a request for "discovery concerning fees that [the prevailing plaintiff and a related organization] were awarded in similar case" as "broad" and denied such discovery. *Id.*, *3-4. As already noted, although the Defendants here assert that their request for "discovery on the hourly rates claimed by Earthrise" is "narrowly tailored," Mot. at i, it is in fact even broader than the discovery request denied in *Prison Legal News.*

One of many fundamental problems with Defendants' motion is that, although they clearly believe that Plaintiff's counsel Earthrise is not entitled to market-based hourly rates, they never actually explain or define how they believe that Earthrise's hourly rate should in fact be determined. Defendants do not attach their actual proposed "written interrogatories and requests for production" to their motion. *Id.* Apparently Defendants believe their motion for Earthrise hourly rate discovery includes "the type and amount of support Earthrise receives from Lewis & Clark" and information regarding "who receives fees and expenses awarded by the Court." *Id.* at 2-3. The closest Defendants' motion comes to describing in more "detail" the information they seek is when they note the supposed relevance of "overhead…salary for staff, recruiting budgets, taxes and a number of other expenses necessary to operate" to determining the "hourly rates Earthrise believes necessary to sustain its operations." *Id.* at 2-3.[4] This is not "narrowly tailored" discovery. It is a fishing expedition seeking internal and confidential financial information regarding Earthrise, Lewis & Clark and its employees. Discovery requests of this type are virtually guaranteed to elicit legitimate objections and further motion practice, which is another

---

[4] Defendants never explain why they believe that Plaintiff is in possession or control of Earthrise and Lewis & Clark's internal and confidential financial information such that Plaintiff would be required to produce it in response to interrogatories and document requests. It is more likely that the information Defendants seek could only be obtained using third-party subpoenas.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR　　　　　　　　　　　8
LEAVE TO CONDUCT DISCOVERY ON HOURLY RATES

reason to deny Defendants' motion. *See Costa v. Sears Home Improvement Products, Inc.,* 178 F.Supp. 3d 108, 113-14 (W.D.N.Y. 2016) (denying fee discovery in part because it would lead to objections and "further prolong this litigation and increase the expenses incurred by both sides."); *see also New Mexico,* 2015 WL 9703255, *29 (denying discovery regarding opposing counsel's salary in order to challenge his requested hourly rate).

Defendants' attempt to justify their requested discovery by criticizing the declarations supporting Plaintiff's Fee Petition because they do not "provide any insight into the form or amount of support Earthrise receives from Lewis & Clark." Mot. at 2-3. But Defendants did not demand or even request that sort of information when these same parties litigated fees in 2014. Moreover that "omission" from Plaintiff's supporting declarations is based on the fact that such information is wholly irrelevant to the issues presented by Plaintiff's fee petition, as Plaintiff will establish in the next section of this response.

> II.  *Any Information Regarding the existence or extent of any "subsidy" that Plaintiff's Counsel Earthrise Receives from Lewis & Clark College is Completely Irrelevant to Plaintiff's Fee Petition under Controlling Legal Precedent.*

Federal courts have repeatedly rejected arguments from federal and state agencies, and occasionally from private defendants, that, when awarding attorneys' fees, courts should distinguish between plaintiffs who retain private counsel and plaintiffs who are represented by non-profit or public interest attorneys who do not actually charge their clients market rates. These defendants have argued that plaintiffs who retain not-for-profit counsel should only receive the actual costs incurred by their counsel because awarding them market rates would result in a "windfall." *See e.g.*, *Blum,* 465 U.S. at 892-93; *Nadarajah,* 569 F.3d at 916. Federal courts reject these "cost-based" attorney fee arguments as a matter of law, interpreting the applicable fee-shifting statutes, and not because of any fact-based inquiry regarding whether the

public interest organizations providing the legal services in a particular case actually need to receive market based hourly rates in order to provide legal representation to their clients. The specific holdings in these cases make that very clear:

> The statute and legislative history establish that "reasonable fees" under §1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel. The policy arguments advanced in favor of a cost-based standard should be addressed to Congress rather than to this Court.

*Blum,* 465 U.S. at 895-96;

> The United States Supreme Court clarified long ago that the award of attorneys' fees under civil rights fee-shifting statutes is not cost-based, and that the award of prevailing market rates—regardless whether the claimant is represented by private counsel or a non-profit legal services organization—should not be viewed as an unjustified "windfall" profit to the attorney.

*Nadarajah,* 569 F.3d at 916 (citing *Blum,* noting that standards applicable to §1988 awards apply to all cases where Congress has authorized fees to a prevailing party, and awarding market rates to non-profit counsel under EAJA).

Despite this clear, binding precedent, Defendants insist that "there is no iron-clad rule that students and staff at law school clinics are compensated at market rates." Mot. at 4. They claim that "Courts have diverged on whether and how to award fees to law school clinics." *Id.* More generally, Defendants seem to be arguing that, under this case law, there should be some distinction drawn between not-for-profit legal services organizations like the ACLU, the NAACP Legal Defense Fund, and the Legal Aid Society of New York, and a law clinic that is part of a not-for-profit college. Defendants, however, do not cite a single case that makes such a distinction.

In fact, since *Blum* was decided, the clear trend among all federal courts has been to eliminate, rather than create, exceptions to the holding in that case. For example, in *Save our*

*Cumberland Mountains, Inc, v. Hodel,* 857 F.2d 1516, 1524 (D.C. Cir. 1988)*,* an *en banc* D.C. Circuit reversed an earlier 3-judge panel of the Court, *Laffey v. Northwest Airlines,* 746 F.2d 4, 16, 25 (D.C. Cir. 1984). *Laffey* had distinguished between private counsel and non-profit legal service organizations, which under *Blum* receive market rates, and "quasi public interest counsel" who in fact accept less than market rates for their services. *Laffey*, 746 F.2d at 14, n. 69. Although *Laffey*, issued shortly after *Blum* was decided, found that such a distinction was necessary in order to avoid "windfalls" to such quasi public interest lawyers, *id.* at 25, a majority of the en banc D.C. circuit held such an approach was "inconsistent with the intent of Congress in enacting fee award statutes and with the Supreme Court's decision in *Blum v. Stetson* which construed those statutes." *Save our Cumberland Mountains,* 857 F.2d at 1524. Defendants' argument here simply ignores cases like *Save our Cumberland Mountains,* and Defendants' motion also ignores other cases Plaintiff has cited to Defendants in an effort to avoid this unnecessary and meritless motion seeking fee discovery.

In its fee petition, Plaintiff cited a decision by the U.S. Court of Appeals for Veterans Benefits which expressly rejected such a distinction and awarded market-based fees to a legal clinic at Harvard University. Fee Pet. at 11, *citing Froio v. McDonald,* 27 Vet. App. 352, 356-59 (2015). Defendants' motion ignores this case, which found "the availability of free clinical legal programs to be of value to both veterans and to this Court, and we will not discourage such representation by arbitrarily limiting an EAJA award based upon the artificial categorizations the Secretary attempts to create." 27 Vet. App. at 359.

In its fee petition, at 11, Plaintiff cited to *Jordan v. U.S. Dept. of Justice,* 691 F.2d 514, 523-24 (D.C. Cir.1982), which, pre-*Blum*, awarded market-based hourly rates for work by staff

attorneys and law students from the Institute for Public Representation, which was a part of Georgetown University Law Center. Defendants' motion also ignores this case.

Defendants' motion does acknowledge that *LOWD* is flatly inconsistent with its "theory" but insists it is not "binding." Mot. at 4. In fact the Court in *LOWD* clearly rejected the Defendants' argument there that LOWD should not get fees for Earthrise students because "Lewis and Clark would receive a double payment if it received both the student's tuition and a fee award." 2014 WL 356858, *15. The *LOWD* Court rejected the argument because it was not supported "by legal authority and lacks merit." *Id.* This Court should now do the same because Defendants still have no legal support for their attempt to impose some sort of cost-based standard on fees awarded to plaintiffs represented by clinics that are a part of a larger college or law school.

Defendants' motion, at 4, does misleadingly cite to *Nkihtaqmikon v. Bureau of Indian Affiars,* 723 F.Supp. 2d 272, 283, 284-85 (D.Me. 2010), and implies that it somehow supports their argument that a plaintiff represented by a law clinic should receive a fee award based on something other than market rates. In fact the district court in that case noted that the defendant federal agency did not dispute the hourly, market-based rates sought by the law clinic staff attorneys. 723 F.Supp. 2d at 276, n.1. The district court did deny the plaintiff any recovery for student time. *Id.* at 282-85. While the court acknowledged that as a matter of law student time could be recovered at market rates under *Jordan, see* 723 F.Supp. 2d at 281-82, the court denied all student fees because the student time was inadequately documented. *Id.* at 282-85. Absolutely nothing in the *Nkihtaqmikon* supports limiting plaintiffs represented by law clinics housed within a law school to cost-based fee recoveries.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR 12
LEAVE TO CONDUCT DISCOVERY ON HOURLY RATES

Defendants argue that other cases where plaintiffs recovered market-based fees for law student work are distinguishable because the students "functioned as lawyers by permission of the court." Mot. at 4, citing *Proulx,* 709 F.Supp at 399 and *DiGennaro v. Bowen*, 666 F.Supp. 426, 430 (E.D.N.Y. 1987). While that may be true in some cases, Plaintiff does not understand how that supports Defendants' cost-based fee argument and their request for discovery. If Defendants want to argue that Plaintiff cannot recover fees for the Earthrise law student work in this case because the Earthrise students were not court-certified (a fact which Plaintiff will concede, but an argument which Defendants have not yet in fact made) they can make that argument, without the need for any discovery, in their brief opposing Plaintiff's fee petition. Plaintiff will explain in their reply brief why any such argument would be frivolous.

Finally, Defendants' motion also ignores the Seventh Circuit's decision in *Cent. States, Se. and Sw. Areas Pension Fund v. Cent. Cartage Co.*, 76 F.3d 114 (7th Cir. 1996) which Plaintiff cites in its fee petition. Fee Pet. at 11. In that case the Seventh Circuit, in an opinion written by Judge Easterbrook, cited *Blum* when expressly rejecting the defendant's argument that the plaintiff, a large pension fund represented by its in-house staff attorneys, could not receive a fee award based on market rates for those attorneys and could only receive a "cost-based" award. *Cent. States*, 76 F.3d at 116. Judge Easterbrook explained that most fee-shifting statutes award fees to the prevailing party, not to the prevailing party's lawyers, *id.*, which means that the specific compensation that a plaintiff's lawyers actually receive from the plaintiff is irrelevant when determining the fee award:

> Thus if the attorneys who work for the Central States Pension Fund are making it a gift by working for wages lower than those they could secure at large firms, the value of that gift belongs to the Fund, which can capture it by an award of fees at market rates. The Fund pays the attorneys their salaries and the bargain element goes towards the fund's other operations.....[U]nder *Blum* the wages of staff counsel do not matter; the court should make an award representing the cost the

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR  13
LEAVE TO CONDUCT DISCOVERY ON HOURLY RATES

> victorious litigant would have incurred to buy legal services in the market, no matter how the litigant actually acquired those services.

*Id.* at 117. Put another way, Judge Easterbrook expressly noted that if, for whatever reason, plaintiff's chosen counsel charges plaintiff less than market rates, "[t]hat gift should enure to the intended recipient rather than to the adversary in litigation." *Cent. States*, 76 F.3d at 117.[5] As *Central States* makes clear, in this case it is actually Defendants who are seeking a "windfall" by attempting to take advantage of the fact that Plaintiff is represented by a law clinic rather than an independent not-for-profit or a private law firm. But the case law cited by *Central States*, and earlier in this responsive brief, is clear that fee awards to prevailing plaintiffs under EAJA and all other prevailing party fee shifting laws do not vary based on such irrelevant, artificial distinctions. Thus, the law and reasoning set forth in *Central States* completely undercuts the Defendants' rationale for obtaining discovery in this case.

> III. Defendants offer no rational policy for distinguishing this case from Blum, *and the Policies underlying Rule 54 and recognized in* Hensley *Strongly Support Denying Defendants' Motion.*

In addition to being completely unsupported by case law, Defendants do not offer any real policy argument to support their proposed distinction or exception for law school clinics when it comes to determining hourly rates. In terms of financial resources, Defendants cannot seriously argue that a relatively small not-for profit private college like Lewis & Clark has greater resources to "subsidize" a law clinic than not-for-profit organizations like the ACLU and NAACP have to "subsidize" their attorneys. Colleges and universities do have revenue from student tuition, but many non-educational not-for profit legal organizations have at least equally significant fundraising operations that provide revenues completely unrelated to fee awards. *See*

---

[5] Although *Central States* may not be binding authority, it believed that its result was compelled by *Blum,* which is binding authority. *Id.* at 116.

*e.g. Blum,* 465 U.S. at 890, n.3. Moreover, even if Earthrise were significantly "subsidized" by Lewis & Clark College and Lewis & Clark were thus somehow a significant, direct beneficiary of any fee award,[6] Defendants seem to believe, incorrectly, that such an "institution of higher learning" does not have "overhead" expenses like those incurred by "independently incorporated non-profits." Mot. at 2. The distinctions that Defendants attempt to draw between non-profit attorneys and the not-for-profit entities employing them make no sense. Defendants argument is thus both completely unsupported legally and factually irrational.

If Defendants motion were granted, in a case where Defendants have no legal support for their relevance argument, and where the parties have in fact litigated the very issues that the Defendants seek to contest just three years ago before this same Court, the "rare circumstance" limitation underlying FRCP 54 would lose all meaning. Other defendants would see no reason not to similarly seek to turn fee petitions filed against them into a "second major litigation," contrary to the admonition in *Hensley*. *See* 461 U.S. at 437.

Judge Simon recently rejected a motion for discovery regarding fees in another case where Earthrise represented the prevailing defendants and sought fees under Oregon's Anti-Slapp suit statute. *O'Connor, et al, v. Cnty of Clackamas,* No. 11-01297, ECF # 181 (D. Or. Sept. 6, 2013). Judge Simon found that the requested documents were likely not relevant. But he also noted that "to the extent they may be relevant, the Court may draw all reasonable adverse inferences against Defendants based on Defendants failure to submit the documents at issue." *O'Connor, et al, v. County of Clackamas,* No. 11-01297, ECF # 181 (D.Or. Sept. 6, 2013). This is in fact how federal courts usually address alleged gaps in the evidence supporting a request for fees. Rather than ordering discovery, which turns the fee dispute into a second round of

---

[6] As Plaintiff addresses below, Lewis & Clark College in fact does not directly benefit from any attorneys' fee awards that Earthrise's clients turn over to Earthrise.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR　　　　　　　　　　15
LEAVE TO CONDUCT DISCOVERY ON HOURLY RATES

litigation, the Court holds the party with the burden of proof (usually the party requesting fees on most issues) responsible for any missing, necessary evidence and reduces or denies the requested fees. That is the approach the Court should take here rather than allowing the unnecessary and intrusive discovery requested by Defendants.

> IV. *Earthrise Does Not Receive Significant Financial Support from Lewis & Clark College.*

Although they are entirely irrelevant to Plaintiff's Fee Petition, Plaintiff will briefly respond to, and correct, certain assertions and assumptions in Defendants' motion. The issue of Earthrise's financial relationship with Lewis & Clark College was brought up by the Forest Service in the earlier *LOWD*, No. 10-01397, litigation, but not in the actual briefing of LOWD's fee petition. In that case the Forest Service attempted to stay briefing on LOWD's fee petition until after an appeal of another claim was resolved. *LOWD*, No. 10-01397, ECF # 118, at 2. LOWD successfully opposed that motion. *LOWD,* No. 10-01397, ECF # 119 (LOWD Opposition brief) and ECF # 125 (Order denying motion for stay).[7] In its reply brief in support of its request for stay the Forest Service argued, incorrectly and without any support, that LOWD's counsel Earthrise had little immediate financial need to recover fees because it was funded at least in part by the law school. Case No. 10-01397, ECF # 120, at 6. LOWD sought permission to file a surreply in order to correct the false assertions in the Forest Service's reply brief. Case No. 10-01397, ECF # 122, at 3. LOWD's motion was granted and the declaration that Defendants attach to their discovery motion in this case as Exhibit 3 (ECF # 54-3 in this case), was offered by LOWD in support of its Surreply in Case No. 10-01397, ECF 124-2, opposing

---

[7] As the Court is aware, LOWD did not oppose the Defendants Motion for Stay in this case while the Court considers Defendants discovery motion. See ECF # 55 and # 57. That non-opposition was based on the timing of Defendants motion and the fact that the stay here is likely to be much shorter than the requested stay in *LOWD v. USFS,* No. 10-01397, where a stay pending resolution of an appeal before the Ninth Circuit could have been in place for several years.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR   16
LEAVE TO CONDUCT DISCOVERY ON HOURLY RATES

the Forest Service's motion to stay consideration of its fee petition in that case. As Mr. Buchele explained (Def. Ex. 3, Para. 3):

> The Earthrise Law Center receives some, mostly in kind, financial support from the law school and also solicits and receives foundation grants and donations for which it is very grateful. However, Earthrise could not pay its Clinical professors' salaries and likely could not continue to represent public interest groups like League of Wilderness Defenders if those groups could not recover in a timely manner for the clinical professor and law student time spent on those groups' successful claims.

If Defendants were allowed to seek the discovery they request, any responses from LOWD or a third party would be consistent with this earlier declaration. No objective person examining such information could conclude, as Defendants assert, that Earthrise receives "significant" direct financial subsidies from Lewis & Clark College. Mot. at 1. Staff salaries are by far Earthrise's most significant expense, and Lewis & Clark does not fund those modest, public interest salaries in any way.

**Conclusion**

Defendants' motion seeks to improperly turn Plaintiff's request for fees into a "second major litigation" where the Court would be asked to determine what fees Earthrise needs "to sustain its operations." That, however, is clearly not the law. Contrary to the unsupported assertion in Defendants' motion, at 4, there is in fact an "iron clad" holding from the Supreme Court that "reasonable fees" under [prevailing party fee-shifting statutes] are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum,* 465 U.S at 895-96. Defendants do not cite any case that even hints that the armor around this holding has a hole in it for law clinics.

Judge Simon denied the stay requested by the Forest Service in the earlier litigation between LOWD and the Forest Service, ECF # 125, and when doing so noted that "[t]he EAJA is meant to help private parties challenge unjustifiable government actions. By subsidizing their

attorney fees, the EAJA makes it harder for the government to use its superior financial resources to wear then down, even though its position is frivolous." Case No. 10-01397, ECF # 125, at 3, citing and quoting *U.S. v. Real Property at 2659 Roundhill Drive, Alamo, Cal.,* 283 F.3d 1146, 1156 (9th Cir. 2002). Defendants' meritless motion for discovery is intended to do exactly what EAJA is intended to prevent – to wear down Plaintiff and delay the resolution of its fee petition. The Court should therefore deny that motion summarily and order Defendants to respond to Plaintiff's fee petition without further delay.

Dated this 23rd day of August 2017.

Respectfully submitted,

s/ Tom Buchele
Tom Buchele, OSB # 081560
Co-Director and Managing Attorney
Earthrise Law Center
10015 S.W. Terwilliger Blvd.
Portland, OR 97219
503-768-6736
tbuchele@lclark.edu
Counsel for Plaintiff LOWD/BMBP

s/ Jesse A. Buss
Jesse A. Buss, OSB # 122919
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jessebuss@gmail.com
Counsel for Plaintiff LOWD/BMBP