Jesse A. Buss, OSB # 122919
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jessebuss@gmail.com

Tom Buchele, OSB # 081560
Earthrise Law Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland OR  97219-7799
Tel: 503-768-6643
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Attorneys for Plaintiff League of Wilderness Defenders/Blue Mountains Biodiversity Project

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| LEAGUE OF WILDERNESS DEFENDERS / BLUE MOUNTAINS BIODIVERSITY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>SLATER R. TURNER, *et al.*,<br><br>Defendants. | Case No. 2:16-CV-01648-MO<br><br>SUPPLEMENTAL DECLARATION OF KAREN COULTER IN SUPPORT OF PLAINTIFF'S FEE PETITION |

I, Karen Coulter, declare and state as follows:

1. I am the director of the Blue Mountains Biodiversity Project which is a project of the League of Wilderness Defenders. Plaintiff League of Wilderness Defenders-Blue Mountains Biodiversity Project (LOWD) is a 501(c)(3) non-profit corporation whose mission is to protect and restore the biodiversity of the Blue Mountains region of Oregon and Washington and to educate the public about threats to forest ecosystems in Eastern Oregon.

2. I offer this declaration to supplement the testimony from my initial June 27, 2017 Declaration [ECF # 46] (Coulter Decl.").

3. I have reviewed the portions of Defendants' Opposition to Plaintiff's Petition for Attorneys' Fees [ECF # 69] ("Defandants' Opposition") that address or attempt to characterize the testimony from my June 27th Declaration and I believe Defendants misrepresent and/or mischaracterize much of what I said in that initial declaration.

4. For example, pages 8-9 of Defendants' Opposition both misrepresent and mischaracterize what I testified to regarding the need to retain both Mr. Buss and Mr. Buchele in order to successfully litigate this case. Defendants completely ignore my summarizing statement that "the above referenced experience and skills in paragraph 6, held by both Mr. Buchele, and Mr. Buss were crucial to the success of this litigation." Coulter Decl. ¶ 7.  Thus I clearly testified that I believed that it was necessary to retain both Mr. Buss and Mr. Buchele and both were necessary in order to prevail, as we did.

Supplemental Declaration of Karen Coulter in Support of Plaintiff's Fee Petition     2

5. As my initial declaration states, Coulter Decl. ¶ 6, I initially approached Mr. Buchele to represent LOWD in this matter. Mr. Buchele had successfully represented LOWD in several prior cases, including another case that required LOWD to seek a preliminary injunction. However, I also understood that if Mr. Buchele agreed to take the case, he would likely ask LOWD to also retain qualified co-counsel to assist him, as LOWD has done in every prior case where Mr. Buchele has represented LOWD.  Mr Buchele and other experienced environmental litigators who have represented LOWD often work with co-counsel. It is my understanding they do this for several reasons including the fact that it helps spread the risk if LOWD does not prevail and it provides greater resources if we must seek preliminary relief. Based on my experience seeking out qualified counsel, very few lawyers are able to simply drop all of their existing obligations and put all of their time into seeking a preliminary injunction.

6. Because Mr. Buchele was unable to take on the case when we initially approached him, we followed his recommendation and retained one of his former students Mr. Buss. I believe Mr. Buss was qualified to represent LOWD in this matter, but we understood that LOWD's chances of success were lower if he had to represent LOWD on his own, and it was always our understanding that Mr. Buchele would join the case as co-counsel if and when his schedule allowed. That was especially true once we had determined that it might be necessary to seek a preliminary injunction.

7. Retaining both Mr. Buchele and Mr. Buss was not in any way "redundant," as Defendants claim. They focused on different aspects of the case, and I believe it would have been much less

Supplemental Declaration of Karen Coulter in Support of Plaintiff's Fee Petition					3

likely for LOWD to have prevailed on its motion for a preliminary injunction if it had been represented by only Mr. Buchele or Mr. Buss. Mr. Buchele is one of the few lawyers available with actual recent experience in successfully obtaining a preliminary injunction against proposed Forest Service logging, but he made it clear to us that his other professional obligations would prevent him from taking on such a task unless he had the assistance of other qualified co-counsel, such as Mr. Buss. To refer to Mr. Buss and Mr. Buchele as "interchangeable," as Defendants do, simply ignores the different roles they played in the case and Mr. Buchele's substantially greater experience overall and in particular with regard to litigating preliminary injunctions in environmental cases.

8. Defendants' Opposition, at 7-10, also insists that I should have been able to find qualified counsel to represent LOWD at the EAJA statutory rate. Defendants first focus on the fact that my declaration only cites to the actual $125/hr rate that is in EAJA and suggests that my efforts would have been successful if I had mentioned an enhanced rate adjusted for inflation. Defendants then point to certain general data regarding recent law school graduates from Oregon law schools that have received some training in environmental law and conclude that this data shows that hundreds of qualified attorneys "might have been available at the statutory rate." Opps. at 10. Defendants confuse what lawyers are available in theory with what qualified lawyers are in fact available. LOWD needs real lawyers, not theoretical ones, to represent it in cases like this.

9. I have been seeking out qualified attorneys to represent LOWD in litigation regarding federal

Supplemental Declaration of Karen Coulter in Support of Plaintiff's Fee Petition    4

agencies mismanagement of public lands for many years. These cases are difficult to win and the lawyers who take them on expect to have the opportunity to recover for their time at market rates if they win, and that is true even if the EAJA statutory rate is adjusted for inflation. I have never been able to retain a lawyer to represent LOWD who did not expect to recover for her time at market rates.

10. In 2016 I was, and today, in late 2017, I am actively trying to retain qualified counsel to represent LOWD in about a half dozen matters. Although I was able to retain counsel for this case, in 2016 LOWD had multiple cases that LOWD could not bring because I could not locate available, qualified counsel. LOWD has several matters that could soon become moot because we cannot locate available qualified counsel. The attorneys Defendants insist "might have been available" simply do not exist in fact, or are already too busy on other matters to take on LOWD's cases.

11. LOWD efforts to locate such attorneys are ongoing and almost constant. I regularly speak with qualified attorneys who have previously represented LOWD, with clinicians at both Lewis & Clark and the University of Oregon who are familiar with their recent graduates, and with other organizations who sometimes retain lawyers in this highly specialized area of the law. I attend an annual meeting of public interest attorneys from across the nation and attempt to locate attorneys at that meeting who might be willing to represent LOWD. Most recently, I have reached out to a public interest attorney and a group in California who might know of qualified lawyers who would be willing to represent LOWD. As of today, in 2017, I have been able to

locate only one additional lawyer who is willing to represent LOWD in one additional matter, but that leaves LOWD with multiple matters for which it still lacks qualified counsel.

12. With regard to finding qualified counsel in eastern Oregon, I am aware of only one qualified attorney, Jennifer Schemm in LaGrande, Oregon, who is willing to represent plaintiffs in public interest environmental litigation. Ms. Schemm in fact represented LOWD in one case more than a decade ago. It is my understanding that Ms. Schemm currently only practices on a part-time basis, that practice focuses on representing one specific client, and in 2016 she was representing that client regarding a different matter. Ms. Schemm also expects to recover for her time at market rates when she prevails in a public interest environmental case.

Pursuant to 28 U.S.C. Sec. 1746 I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of December, 2017 at Sandy, Oregon by:

s/Karen Coulter

Karen Coulter
Director
League of Wilderness Defenders-Blue Mountains Biodiversity Project

Supplemental Declaration of Karen Coulter in Support of Plaintiff's Fee Petition        6