BILLY J. WILLIAMS
United States Attorney
District of Oregon

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

JOHN P. TUSTIN (Texas State Bar No. 24056458)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-3022 / Fax:  (202) 305-0506
john.tustin@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PENDLETON DIVISION

| | | |
|---|---|---|
| LEAGUE OF WILDERNESS DEFENDERS / BLUE MOUNTAINS BIODIVERSITY PROJECT | ) ) ) | Case No. 2:16-CV-01648-MO |
| Plaintiff, | ) ) | |
| v. | ) ) ) | DEFENDANTS' RULE 60 MOTION FOR RELIEF FROM THE COURT'S MARCH 30, 2018 ORDER |
| SLATER R. TURNER, *et al.*, | ) ) | [ECF No. 84] |
| Defendants. | ) ) ) | |

## <u>MOTION</u>

Defendants move under Federal Rules of Civil Procedure 60(a) and 60(b)(1) for relief from the Court's March 30, 2018 Opinion and Order that awarded Plaintiff $182,658.66 in attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). Rule 60(a) allows the Court to correct clerical mistakes, oversights, or omissions. Rule 60(b)(1) allows the Court to provide relief based on mistake or inadvertence. The Order contains three errors or omissions that, when considered together, amount to almost $31,500 above the lodestar calculation for reasonable attorney fees under EAJA. The Court should amend the Order and award Plaintiff no more than $151,136.73 for attorney fees, costs, and other expenses in this litigation.

The undersigned conferred with counsel for Plaintiff via telephone on April 26, 2018, in a good faith effort to resolve the issue, but the parties were unable to do so. The parties have agreed to expedite briefing on this motion, with Plaintiff filing its response on or before May 4 and Defendants filing their reply on or before May 16.

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

On March 30, 2018, the Court awarded Plaintiff $182,658.66 in attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for litigation challenging the Walton Lake Restoration Project on the Ochoco National Forest.  ECF No. 84.  The Order contains three errors or omissions that, when considered together, amount to almost $31,500 above the lodestar calculation for reasonable attorney fees under EAJA.

First, the Order inaccurately states the time and amount Plaintiff claimed litigating fees and costs.  The Order says Plaintiff claimed 194.2 hours and $59,812.50 for litigating fees and costs, but these figures are only for the time and amount claimed after July 19, 2017.  The Order omits mention of the additional 128.8 hours and $28,514.50 Plaintiff claimed for litigating fees and costs prior to that date.  The Court should correct the Order pursuant to Rule 60(a) so that it accurately states that Plaintiff sought compensation for 323 claimed hours and $88,327 that relate solely to the issue of fees and costs in this litigation.

Second, the Order does not address the parties' arguments about the appropriate hourly rate for litigating EAJA fees.  In the briefing on fees, Defendants argued that EAJA's statutory maximum applies and Plaintiff replied that enhanced rates apply.  No court has expressly held that litigating EAJA fees is a special factor that allows recovery of enhanced rates, and Plaintiff did not meet its burden to show that enhanced rates apply.  The Court should amend the Order pursuant to Rule 60(a) or Rule 60(b) and hold that EAJA's statutory maximum applies to fee litigation.  The statutory maximum, adjusted for cost of living increases, is $192.68 in 2016 and $196.79 in 2017.

Third, the Order declined to reduce the award from the amount Plaintiff claimed for

1

litigating its fee petition. The Order stated the amount of time spent litigating fees was reasonable and that unsuccessful arguments on fees were inseparable from successful arguments. The Court should correct this portion of the Order pursuant to Rule 60(b). The Order's first reason is based on the inaccurate statement about the time and amount claimed by Plaintiff for litigating its fee petition. The Order's second reason improperly shifts the burden to account for reasonable hours from Plaintiff to Defendants. The second reason also does not address Supreme Court and Ninth Circuit precedent about applying a proportional reduction to fee awards to account for unsuccessful claims during fee litigation. Should the Court find that the time Plaintiff spent litigating fees is reasonable, it should apply a proportional reduction to account for Plaintiff's unsuccessful arguments on fees.

Defendants therefore respectfully move the Court pursuant to Rule 60 to address these errors or omissions. The Court should award Plaintiff no more than $151,136.73 for attorney fees, costs, and other expenses in this litigation.

## II.    LEGAL STANDARD

### A.    Rule 60(a)

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The quintessential 'clerical' errors are where the court errs in transcribing the judgment or makes a computational mistake." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (citing 12–60 MOORE'S FEDERAL PRACTICE § 60.11[1][b]). A court's failure to memorialize part of its decision also is a clerical error. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). A clerical error does not need to be made by a clerk. *Jones & Guerrero Co. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (per curiam). "The

rule may be used to make an order reflect the actual intentions of the court, plus necessary implications." *Id.* (citing *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1236-37 (9th Cir. 1979)); *Garamendi v. Henin*, 683 F.3d 1069, 1079-80 (9th Cir. 2012) ("Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement.").

"In determining whether a mistake may be corrected under Rule 60(a), our circuit focuses on what the court *originally* intended to do.'" *Tattersalls*, 745 F.3d at 1297 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)). Clerical mistakes "consist of blunders in execution." *Blanton*, 813 F.2d at 1577 n.2 (internal quotation marks and citation omitted). "[M]istakes that cannot be corrected pursuant to Rule 60(a)… consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *Id.*

## B.    <u>Rule 60(b)</u>

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for… mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A district court may correct its own mistake or inadvertence under Rule 60(b). *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). "Under the 'mistake' provision, a litigant may seek relief if the district court has made a substantive error of law or fact in its judgment or order." *Maney v. Winges-Yanez*, No. 6:13-CV-0981-SI, 2014 WL 5038302, at *2 (D. Or. Oct. 8, 2014) (citations, quotations, and alterations omitted), *aff'd*, 643 F. App'x 616 (9th Cir. 2016).

Rule 60(b) allows a court to correct errors of law. *Gila River Ranch, Inc. v. United*

*States*, 368 F. 2d 354, 356 (9th Cir. 1966).  The Rule also allows a court to reconsider matters ancillary to judgment, such as an award of costs or attorney fees.  *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 n.5 (9th Cir. 1982) ("A challenge to a cost award, like fees, does not challenge the underlying judgment on the merits.  Accordingly, the district court had the power to entertain Liberty's motion to correct the judgment by deleting the cost award."); *see White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982) ("[A] request for attorney's fees under [42 U.S.C.] § 1988 raises legal issues collateral to the main cause of action – issues to which Rule 59(e) was never intended to apply."); *Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009) ("An award of attorney fees raises legal issues collateral to and separately appealable from the decision on the merits.") (citations omitted).

### III.    ARGUMENT

**A.    The Court should correct the Order's factual errors on the time and amount claimed for attorney fee litigation.**

The Order contains factual errors on the time and amount claimed for attorney fee litigation.  Order 2, 14.  The Court should correct these errors pursuant to Rule 60(a) so that the Order accurately states the time and amount sought on fees by Plaintiff.  A corrected Order will provide the Court with an accurate basis on which to determine the reasonableness of the requested fees and to address the two issues identified *infra* in Part III.B and III.C.

The Order understates the amount of time Plaintiff claimed on attorney fees litigation.  The Order states, "LOWD submitted time records for 573.9 hours on primary litigation (not including its experts' hours), and 194.2 hours on the attorney fees litigation.  Adjusted for the hours LOWD withdrew in its reply, LOWD requests fees for a total of 761.9 attorney, legal fellow, and law student hours."  Order 14.  The statement is inaccurate because Plaintiff sought a total of 323 hours on the attorney fees litigation exclusive of experts' hours, not just the 194.2

4

hours claimed in the Reply brief.

The declarations and records Plaintiff submitted with its opening brief claimed 128.8 hours on attorney fees in its opening brief as of July 19, 2017.  Defs.' Opp'n to Pl.'s Pet. For Attorneys' Fees ("Defs.' Opp'n") Ex. C at 1 (Table 4) and 2-8 (collecting Plaintiff's time entries for fee litigation), ECF No 69-3; *see* Decl. of Tom Buchele Ex. B (list of all edited time claimed as of July 19, 2017, including time spent on fee litigation, ECF No. 44-2; Decl. of Jesse Buss Ex. 2, ECF No. 45 (same).  Plaintiff then claimed an additional 194.2 hours in its Reply, all of which was spent on fee litigation.  *See* Suppl. Decl. of Jesse Buss ¶ 9, ECF No. 75, and Ex. 7, ECF No. 75-7 (claiming 63.2 hours); Corrected Suppl. Decl. of Tom Buchele, ¶ 19, ECF No. 83, and Ex. 6, ECF No. 83-6 (claiming 9.4 hours of student time, 57.8 hours of legal fellow time, and 63.8 hours of Mr. Buchele's time).  Plaintiff thus claimed a total of 323 hours on attorney fee litigation exclusive of experts' hours, as shown in the following Table 1:

Table 1: Time claimed by Plaintiff for fees

| Name | Year | Hours on fees (in opening brief) | Hours on fees (in reply) | Hours on fees (both briefs) |
|---|---|---|---|---|
| Buss | 2016 | 0.9 | -- | 0.9 |
| | 2017 | 41.8 | 63.2 | 105 |
| Buchele | 2016 | -- | -- | -- |
| | 2017 | 32 | 63.8 | 95.8 |
| Earthrise legal fellows | 2016 and 2017 | | 57.8 | 57.8 |
| Earthrise law students | 2016 and 2017 | 54.1 | 9.4 | 63.5 |
| TOTAL | | 128.8 | 194.2 | 323 |

After declining to award fees for 10.8 hours, Order 21 (table), the Court awarded a total of 751.1 attorney, legal fellow, and law student hours.  Order 24.  The following Table 2 shows the time awarded, by time spent on the preliminary injunction and time spent on fee litigation:

Table 2: Total time awarded by Court

| Name | Year | Hours (Prelim. Inj.) | Hours (fees) | Hours (total) |
|------|------|----------------------|--------------|---------------|
| Buss | 2016 | 150 | 0.9 | 150.9 |
| | 2017 | 2.4 | 105 | 107.4 |
| Buchele | 2016 | 97.7 | -- | 97.7 |
| | 2017 | 1.5 | 95.8 | 97.3 |
| Earthrise legal fellows | 2016 and 2017 | 53.1 | 57.8 | 110.9 |
| Earthrise law students | 2016 and 2017 | 123.4 | 63.5 | 186.9 |
| TOTAL | | 428.1 | 323 | 751.1 |

The Order also understates the amount of fees Plaintiff claimed for attorney fee litigation. The Order states Plaintiff seeks $59,812.50 "incurred in the attorney fee litigation itself," Order 2, but this amount is based only the 194.2 hours claimed in the Reply.  Considering these hours with the 128.8 hours claimed in Plaintiff's opening brief, Plaintiff initially sought $88,327 in attorney fee litigation in this case (not including experts), as shown in the following Table 3:

Table 3: Amount claimed by Plaintiff for fees

| Name | Year | Hours (fees) | Rate (Requested) | Amount |
|------|------|--------------|------------------|--------|
| Buss | 2016 | 0.9 | $250 | $225.00 |
| | 2017 | 105 | $250 | $26,250.00 |
| Buchele | 2016 | -- | $475 | -- |
| | 2017 | 95.8 | $475 | $45,505.00 |
| Earthrise legal fellows | 2016 and 2017 | 57.8 | $140 | $8,092.00 |
| Earthrise law students | 2016 and 2017 | 63.5 | $130 | $8,255.00 |
| TOTAL | | 323 | | $88,327.00 |

The Order's error may stem from Plaintiff's decision not to distinguish the time it spent litigating the preliminary injunction from time it spent litigating fees.  *Hensley* holds that a plaintiff "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  *Hensley v. Eckhart*, 461 U.S. 424, 437 (1983).  Segregating time on

fees from other time is a common practice in the Ninth Circuit. *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 925 (9th Cir. 2009) (table, displaying requested and awarded hours for fees and four other forums); *id.* at 911 (tables, displaying requested hours and amount by forum (including one for fees) by attorney, paralegal, and clerks/interns); *Pollinator Stewardship Council v. U.S. EPA*, No. 13-72346, 2017 WL 3096105, at *2 (9th Cir. June 27, 2017) (table, displaying merits lodestar, fees lodestar, and total lodestar by attorney); *id.* at *7 (table, summarizing hours claimed for fee application and five other services). Had Plaintiff segregated the time it spent on attorney fee litigation from other time on the litigation, it would have assisted the Court's review of the reasonableness of its claim for attorney fees and may well have prevented the Order's factual errors.

The Court should correct the factual errors so that the Order states the full amount and time claimed by Plaintiff for attorney fees litigation.

**B.    The Court should address the parties' arguments about the appropriate hourly rate for fee litigation and hold that EAJA's statutory maximum applies.**

The Court awarded Mr. Buchele $475 per hour for all time spent on the litigation, including the 95.8 hours he spent litigating fees. The parties briefed the hourly rate for time spent litigating fees, but the Court did not address the parties' arguments in its Order. *See* Defs.' Opp'n 23; Corrected Reply in Supp. of Pl.'s Fee Pet. 13-14, ECF No. 82 ("Pl.'s Reply"); Order, 21. The Court should correct the Order pursuant to Rule 60(a) or Rule 60(b) and hold that EAJA's statutory maximum – not an enhanced rate – applies to time spent litigating fees. Defs.' Opp'n 23 (citing *Lucas v. White*, 63 F. Supp. 2d 1046, 1062-63 (N.D. Cal. 1999) ("Preparation of an application for attorney fees does not require specialized or distinctive knowledge within the meaning of the EAJA.")).

Plaintiff argued in its Reply that "Defendants fail to cite the most relevant case law, from

this district," about the hourly rate for fee litigation work.  Pl.'s Reply 14 (citing *LOWD v. U.S. Forest Serv.*, No. 3:10-cv-1397-SI, 2014 WL 3546858, at *13 (D. Or. July 15, 2014)).  The problem with Plaintiff's reliance on *LOWD* is twofold.  First, *LOWD* does not expressly hold that fee applicants are entitled to enhanced rates for litigating fees.  Instead, *LOWD* rejected Defendants' argument that "many individual tasks did not require specialized skill, so even if an enhanced award is generally warranted, the Court should award the statutory rate for those particular tasks."  2014 WL 3546858, at *13.  Defendants are not arguing the Court should award different hourly rates for different tasks performed while litigating the preliminary injunction, such as research, drafting and reviewing briefs, or oral argument on the NEPA and NFMA claims.  Rather, Defendants argue that fee litigation under EAJA is limited to the statutory maximum because Plaintiff did not meet its burden to show that EAJA litigation is a practice specialty that requires distinctive knowledge or skills.  *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991).  Fee litigation under EAJA is a distinct claim that should be segregated from other time spent on the litigation.  *See e.g., Nadarajah*, 569 F.3d at 911, 925 (tables); *Pollinator Stewardship Council*, 2017 WL 3096105, at *2, 7 (tables).

Second, *LOWD*'s reliance on *In re Southern California Sunbelt Developers, Inc.*, 608 F.3d 456 (9th Cir. 2010), to determine that a single rate applies was in error.  The cited portion of *In re Southern California Sunbelt Developers* discusses an applicant's *eligibility* for fees under the fee-shifting provision of the bankruptcy code; it does not address the *amount* of an award if a court finds a party eligible.  608 F.3d at 463 (citing *INS Comm'r v. Jean*, 496 U.S. 154, 161-62 (1990)).  Defendants are not arguing that the Court must make multiple determinations of eligibility, once for the preliminary injunction and again for fee litigation.  Instead, Defendants contest the amount of the award claimed by Plaintiff, which the Court determines after finding

eligibility for an award under EAJA.  *In re Southern California Sunbelt Developers* is further distinguishable because the bankruptcy code, unlike EAJA, awards "a reasonable attorney's fee" to eligible parties.  11 U.S.C. § 303(i)(1)(B).  EAJA sets a statutory maximum hourly rate of $125 for attorney's fees, which the court may adjust for cost of living increases.  28 U.S.C. § 2412(d)(2)(A).  While a combined determination for eligibility and hourly rate may work in the context of the bankruptcy code or other fee-shifting statutes that award a "reasonable attorney's fee," that approach does not work for EAJA, which has a statutory maximum.  The Ninth Circuit has held that environmental litigation can require distinctive skills and knowledge.  *See, e.g.*, *Love*, 924 F.2d at 1496.  No binding precedent holds that fee litigation under EAJA requires distinctive knowledge and skills.

*Citizens for Better Forestry v. U.S. Department of Agriculture*, cited by both the court in *LOWD* and Plaintiff here,[1] supports awarding no more than the EAJA statutory maximum for time spent litigating fees.  No. 08-1927-CW, 2010 WL 3222183 (N.D. Cal. Aug. 13, 2010). *Citizens for Better Forestry* rejected the USDA's argument that billing rates for researching merits claims should be reduced.  *Id.* at *10.  The rate for time spent on fee litigation, however, was not in dispute because the parties agreed that EAJA's statutory maximum applied for work on fee motions.  *Id.* at *14 ("The USDA agrees that the Ninth Circuit's 2009 EAJA base hourly rate of $172.24 is appropriate for work on the fee motions.  Accordingly, the Court awards fees at this rate.").  The table summarizing the fee award in *Citizens for Better Forestry* distinguished between time spent on the merits, for which it awarded enhanced rates, and time spent on fees, for which it awarded the statutory maximum.  *Id.*

---

[1] *LOWD*, 2014 WL 3546858, at *13 (citing *Citizens for Better Forestry*, 2010 WL 3222183, at *10); Pl.'s Reply at 14 n.15 (same).

Plaintiff's Reply also cites *Oregon Natural Desert Ass'n v. Bureau of Land Management (ONDA)*. Pl.'s Reply 14 n.15 (citing 223 F. Supp. 3d 1147, 1154-55 (D. Or. 2016), *appeal dismissed*, No. 17-35172, 2017 WL 3751747 (9th Cir. Mar. 30, 2017)). While Plaintiff is correct that this case awarded market rates for all attorney tasks, Plaintiff fails to acknowledge that the court did not consider whether to apply EAJA's statutory maximum for time spent on fee litigation. *Id.*; *see ONDA*, 223 F. Supp. 3d at 1154-55. The court did not consider whether to apply enhanced or statutory rates because the parties did not brief the issue. *See ONDA*, No. 3:08-cv-1271-KI (D. Or.) ECF Nos. 137 at 4-8, 10 (plaintiffs' brief); 146 at 16-17 (defendants' response); 148 at 14-18 (plaintiffs' reply). *ONDA* cannot be cited as authority for an issue it did not address, and therefore provides no support for Plaintiff's position here.

The following Table 4 shows the amount for fees at EAJA's statutory rate for attorneys and the Order's determination on hourly rates for the legal fellows, law students, and experts:

Table 4: Amount for fees at EAJA rates

| Name | Year | Hours (fees) | Rate | Amount |
|---|---|---|---|---|
| Buss | 2016 | 0.9 | $192.68 | $173.41 |
| | 2017 | 105 | $196.79 | $20,662.95 |
| Buchele | 2016 | -- | $192.68 | -- |
| | 2017 | 95.8 | $196.79 | $18,852.48 |
| Earthrise legal fellows | 2016 and 2017 | 57.8 | $140 | $8,092.00 |
| Earthrise law students | 2016 and 2017 | 63.5 | $130 | $8,255.00 |
| Experts | 2017 | 31.35 | -- | -- |
| TOTAL | | 354.35 | | $56,035.84 |

Defendants have not been able to locate any case that expressly holds that expertise in fee litigation under EAJA is a special factor that allows recovery of enhanced rates. Strictly construing EAJA's partial waiver of sovereign immunity in favor of Defendants, the Court

should hold that time spent litigating fees is limited to EAJA's statutory maximum. *Ardestani v. INS*, 502 U.S. 129, 137 (1991) (EAJA "amounts to a partial waiver of sovereign immunity. Any such waiver must be strictly construed in favor of the United States.") (citations omitted).

**C.**    **Plaintiff bears the burden to show the time spent on fee litigation is reasonable.**

The district court has the discretion to determine what constitutes a reasonable fee, but "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437. Thus, "[i]f the district court fails to provide a clear indication of how it exercised its discretion, [the court of appeals] will remand the fee award for the court to provide an explanation." *McGrath v. County of Nevada.*, 67 F.3d 248, 253 (9th Cir. 1995) (citation omitted). The Order's determination of a reasonable fee contains mistakes that the Court should correct pursuant to Rule 60(b).

The Order declined to reduce the amount LOWD claimed for litigating its attorney fee petition. Order 21. In so holding, the Court stated it found "LOWD's fee petition hours generally reasonable." *Id.* As noted *supra* in Part III.A, the Order stated LOWD claimed only 194.2 hours on the attorney fees litigation but Plaintiff actually sought 323 hours.

Should the Court still find LOWD's 323 fee petition hours reasonable, the Order also stated, "[t]o the extent some of its arguments are unsuccessful, those arguments are inseparable from those on which it prevailed." Order 21 (citing *LOWD*, 2014 WL 3546858, at *8 (declining to reduce award where the time spent was "so interrelated between the successful and unsuccessful claims that it cannot be separated."). But the only reason that the time Plaintiff spent defending Mr. Buss's hourly rate and other improper hours is because Plaintiff failed to adequately segregate and account for distinct arguments. It is Plaintiff – not Defendants or the Court – that bears the burden to document the appropriate hours expended, and to maintain

11

billing time records in a manner that will enable a reviewing court to identify distinct claims.

*Hensley*, 461 U.S. at 437.  Declining to reduce an award based on Plaintiff's decision not to

segregate time spent on fees from other time on the case absolves Plaintiff of its burden to

maintain accurate billing time records.

Furthermore, the Supreme Court contemplated the very scenario present here.  *INS v.*

*Jean* stated,

> fees for fee litigation should be excluded to the extent that the applicant ultimately
> fails to prevail in such litigation.  For example, if the Government's challenge to a
> requested rate for paralegal time resulted in the court's recalculating and reducing
> the award for paralegal time from the requested amount, then the applicant should
> not receive fees for the time spent defending the higher rate.

496 U.S. 154, 163 n.10 (1990).  Similarly, since Defendants' challenge to Mr. Buss's requested

rate and other improper hours resulted in the Court recalculating and reducing the award for Mr.

Buss's time and other hours from the requested amount, then the Court should reduce the time

Plaintiff claimed defending the higher rate and other improper hours.

Plaintiff initially sought $110,661.00 in attorney, legal fellow, and law student time for

the preliminary injunction.[2]  But the Court only awarded $99,970.30 for the preliminary

injunction, as shown in the following Table 5:

---

[2] The amount is derived as follows: $213,373.32 (Pl.'s Reply 25 claimed total for fees, expenses, and costs) minus $88,327.00 (*supra* Table 3, fees claimed for fee litigation), minus $13,819.25 (Pl.'s Reply 25 claiming expert witness fees), minus $566.07 (*id.* claiming costs).

Table 5: Amount for preliminary injunction

| Name | Year | Hours (Prelim. Inj.) | Rate | Amount |
|---|---|---|---|---|
| Buss | 2016 | 150 | $192.68 | $28,902.00 |
| | 2017 | 2.4 | $196.79 | $472.30 |
| Buchele | 2016 and 2017 | 99.2 | $475 | $47,120.00 |
| Earthrise legal fellows | 2016 and 2017 | 53.1 | $140 | $7,434.00 |
| Earthrise law students | 2016 and 2017 | 123.4 | $130 | $16,042.00 |
| TOTAL | | 428.1 | | $99,970.30 |

By Defendants' calculation, Plaintiff spent approximately 9.7% of its time defending improper hours and rates.[3]  The Court should therefore reduce the amount of time claimed on fees by the same percentage, or $5,435.48,[4] and award no more than $50,600.36 for litigating fees, as shown in the following Table 6:

Table 6: Amount for fees at EAJA rates, with proportional reduction

| Name | Year | Hours (fees) | Rate | Amount |
|---|---|---|---|---|
| Buss | 2016 | 0.9 | $192.68 | $173.41 |
| | 2017 | 105 | $196.79 | $20,662.95 |
| Buchele | 2016 | -- | $192.68 | -- |
| | 2017 | 95.8 | $196.79 | $18,852.48 |
| Earthrise legal fellows | 2016 and 2017 | 57.8 | $140 | $8,092.00 |
| Earthrise law students | 2016 and 2017 | 63.5 | $130 | $8,255.00 |
| Experts | 2017 | 31.35 | -- | -- |
| Adjustment | | | | -$5,435.48 |
| TOTAL | | 354.35 | | $50,600.36 |

[3] $99,970.30 divided by $110,661.00 is 0.903, or a 9.7 percent reduction from the amount claimed.

[4] The total from Table 4 ($56,035.84) multiplied by 0.097 is $5,435.48.  $56,035.84 minus $5,435.48 is $50,600.36.

The Court should correct the Order pursuant to Rule 60(b) and apply a proportional reduction to the time Plaintiff spent litigating fees and costs to account for the time Plaintiff spent defending improper rates and hours. *Jean*, 496 U.S. at 163 n.10; *Native Ecosystems Council v. Weldon*, 921 F. Supp. 2d 1069, 1081 (D. Mont. 2013) ("The Ninth Circuit holds that an award for fees on fees should be proportionally reduced in accordance with the fees awarded to the plaintiffs. In other words, if the Court discounts the plaintiffs' merits fees request by 30%, then it should discount the fees on fees award by 30% (citing *Thompson v. Gomez*, 45 F.3d 1365, 1367-68 (9th Cir. 1995)); *Asia Pac. Agric. & Forestry Co. v. Sester Farms, Inc.*, No. 3:12-cv-0936-PK, 2013 WL 6157263 at *8 (D. Or. Nov. 22, 2013) ( "the lodestar figure for fees-on-fees should be reduced by the ratio of the lodestar figure calculated for merits litigation fees to the amount of fees requested therefor in [the] fee petition.").

## III.    CONCLUSION

For the foregoing reasons, the Court should amend its March 30, 2018 Opinion and Order and award no more than $151,136.73 to Plaintiff for attorney fees, costs, and other expenses, as shown in the following Table 7:

Table 7: Total amount for fees, costs, and expenses

| Item | Amount |
|------|--------|
| Preliminary injunction | $99,970.30 |
| Fees | $50,600.36 |
| Experts | -- |
| Costs | $566.07 |
| TOTAL | $151,136.73 |

Respectfully submitted on this 26th day of April, 2018.

BILLY J. WILLIAMS
United States Attorney
District of Oregon

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/  John P. Tustin*
JOHN P. TUSTIN
Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-3022 / Fax:  (202) 305-0506
john.tustin@usdoj.gov

*Attorneys for Defendants*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2018, I electronically transmitted the attached document

to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

Electronic Filing to the following CM/ECF registrants:


Jesse A. Buss
jessebuss@gmail.com

Tom Buchele
tbuchele@lclark.edu

*Attorneys for Plaintiff*


/s/  John P. Tustin
JOHN P. TUSTIN
*Attorney for Defendants*

16