Jesse A. Buss, OSB # 122919
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jessebuss@gmail.com

Tom Buchele, OSB # 081560
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
Tel: (503) 768-6736
Fax: (503) 768-6642
Email: tbuchele@lclark.edu

Attorneys for Plaintiff League of Wilderness Defenders/Blue Mountains
Biodiversity Project

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEAGUE OF WILDERNESS DEFENDERS / BLUE MOUNTAINS BIODIVERSITY PROJECT,** | Case No. 2:16-CV-01648-MO |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' FRCP 60 MOTION** |
| v. | |
| **SLATER R. TURNER**, *et al.*, | **(Expedited Consideration Requested)** |
| Defendants. | |

## INTRODUCTION

The Federal Defendants' (collectively the "Forest Service") Federal Rule of Civil Procedure ("FRCP") 60 Motion, ECF # 85, is, in fact, two distinct motions. First, the Motion *properly* seeks to correct two clerical errors in the Court's Opinion and Order on Fees, ECF# 84, (the "Order") pursuant to FRCP 60(a). Second it *improperly* seeks, pursuant to FRCP 60(a) and (b)(1), to address two alleged legal "mistakes" in the Order and to substantively reduce the total fee award to Plaintiff League of Wilderness Defenders/Blue Mountains Biodiversity Project ("LOWD"). FRCP 60(a) allows a court to correct clerical errors that do not change the substance or intent of the original Order, and LOWD would have stipulated to such a motion under FRCP 60(a), avoiding the need for this briefing. However, avoiding briefing regarding fees and costs is not what the Forest Service has ever wanted to do in this case. Once again ignoring the U.S. Supreme Court's admonition in *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983), that "[a] request for attorney's fees should not result in a second major litigation," the Forest Service now seeks to improperly use an FRCP 60 motion to further prolong the fee dispute before this Court.

Specifically, the Forest Service insists LOWD should receive over $30,000 less in fees for its attorneys' very successful efforts opposing the Forest Service's extensive, often legally unsupported efforts to prevent LOWD from recovering its reasonable fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Although the Ninth Circuit's case law regarding FRCP 60(b) unambiguously requires the Forest Service to demonstrate "clear error," the Forest Service's Motion does not come close to doing that. In fact the Court will search for, but never find, the phrase "clear error" in the Forest Service's Motion. For the two legal "mistakes" it identifies, the Forest Service first re-asserts the legal arguments it originally made when opposing LOWD's fee petition and improperly seeks to respond to arguments from

LOWD's December 2017 fee reply brief. Second, the Forest Service invokes FRCP 60 to improperly ask this Court to reconsider how it decided issues that the case law leaves to the Court's discretion. Such arguments cannot establish "clear error" or create a legal "mistake" justifying relief under FRCP 60. The Forest Service offers no new law that compels this Court to reduce its award to LOWD for the fees LOWD incurred responding to the Forest Service's seemingly endless attempts to turn LOWD's fee request into "a second major litigation."

Although the Forest Service's Motion correctly indicates that the parties agreed to expedited briefing, it fails to convey that the parties also agreed to seek expedited consideration from the Court. Per the parties' agreement, LOWD now corrects that error and asks the Court for expedited consideration pursuant to LR 7-1(g) (*see* caption, above). Expedited consideration is warranted because the merits were substantively resolved long ago in October of 2016, and this protracted fee dispute should be fully and finally settled without further substantial delay caused by the Forest Service's Motion As discussed below, the Court should grant the portion of the Motion that is properly brought pursuant to FRCP 60(a). LOWD opposes the Forest Service's Motion to the extent that it seeks, pursuant to FRCP 60(a) and (b)(1), to change the substance of the Court's original Fee Order. The Court should deny those portions of the Motion.

## STANDARD OF REVIEW

### A.  Federal Rule of Civil Procedure 60(a)

FRCP 60(a) allows a court to correct clerical errors "where what is written or recorded is not what the court intended to write or record." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). FRCP 60(a) allows for clerical corrections "so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment." *Garamendi v.*

*Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012). FRCP 60(a) "does not allow a court to make corrections that, under the guise of mere clarification, reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Id.* at 1080.

### B. Federal Rule of Civil Procedure 60(b)(1)

A district court may reconsider and amend its decision pursuant to FRCP 60(b)(1) "if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cty. Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013) (internal quotations omitted). The Ninth Circuit considers motions to reconsider under Rule 59(e) and Rule 60 under the same standard. *McDowell v. Calderon*, 197 F.3d 1253, 1255 & n.3 (9th Cir. 1999). The Ninth Circuit has emphasized the high standard for reconsideration, stating that a district court does not abuse its discretion in denying such a motion "merely because the underlying order is erroneous, rather than clearly erroneous." *Id.* at 1255 n.4. "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955; *see also In re Swift Transp. Co. Inc.*, 830 F.3d 913, 916–17 (9th Cir. 2016) (In the context of clear error to grant a writ of mandamus, "[i]f no prior Ninth Circuit authority prohibited the course taken by the district court, its ruling is not clearly erroneous.") (internal quotations omitted). Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice," *Barrett v. Williams*, No. 2014 WL 795801, at *1 (D. Or. Feb. 26, 2014), and it may not be used to simply relitigate the merits of a dispute. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004).

## ARGUMENT

### I.    The Court Should Correct the Clerical Errors Regarding Fees-on-Fees Hours

The Forest Service's Motion correctly notes two clerical errors in the Court's Order in recitation of the number of hours expended between the fee dispute and merits dispute. ECF # 85 ("Mot."), at 6 (*citing* Order at 14); *id.* at 8 (*citing* Order at 2). In the "Background" section, the Court stated, "LOWD seeks a grand total of $213,373.32. Reply [82] at 29. That amount is comprised of: $198,988.00 in attorney, legal fellow, and law student time, of which $59,812.50 was incurred in the attorney fee litigation itself[.]" Order at 2. While the total amount ($198,988.00) is accurate, the amount for the fee litigation should be corrected to $88,327, which accounts for the time sought both in the initial fee petition and the reply. *See* Mot. at 8. Similarly, in the introduction to the reasonable hours discussion, the Order stated "LOWD submitted time records for 573.9 hours on primary litigation (not including its experts' hours), and 194.2 hours on the attorney fees litigation. Adjusted for the hours LOWD withdrew in its reply, LOWD requests fees for a total of 761.9 attorney, legal fellow, and law student hours." Order at 14. Again, while the total number of hours (761.9) is correct, the number of hours for fee litigation should be corrected to 323 hours to reflect the combined hours for LOWD's initial petition and the reply.[1] *See* Mot. at 6. As discussed with Defendants during conferral on this motion, LOWD agrees with correcting these two numbers pursuant to FRCP 60(a) as clerical mistakes. Despite the parties' agreement on this point, LOWD is unable to stipulate to the FRCP 60(a) portion of the Forest Service's Motion because the Forest Service seeks to use the clerical errors to impermissibly relitigate several legal issues regarding the total amount of LOWD's reasonable fees for the fee dispute. Relitigating those legal issue is both improper under FRCP 60(a) and

---

[1] Corrected, the Order should read: "LOWD submitted time records for [445.1] hours on primary litigation (not including its experts' hours), and [323] hours on the attorney fees litigation. Adjusted for the hours LOWD withdrew in its reply, LOWD requests fees for a total of 761.9 attorney, legal fellow, and law student hours."

Plaintiff's Response to Defendants' FRCP 60 Motion                                                    4

unjustified given the Court's Order plainly demonstrates that the Court did not substantively misunderstand the number of hours expended litigating fees. In other words, there is no reason to call into question the Court's overall findings and conclusions regarding LOWD's fee award.

The Forest Service styles its motion as an FRCP 60(a) motion, but then argues the clerical correction can be used "to determine the reasonableness of the requested fees." Mot. at 6. While an FRCP 60(a) motion does extend to the "necessary implications" of the correction, *Jones & Guerrero Co. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981), it cannot be used to make amendments that "reflect a new and subsequent intent because [the court] perceives its original judgment to be incorrect." *Garamendi*, 683 F.3d at 1080. The Court's determination of reasonable hours was not impacted by the clerical errors, and FRCP 60(a) cannot be used to relitigate the issue.

The two clerical errors are correctable under FRCP 60(a) precisely because they do *not* affect the Court's reasoning or opinion. *See Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (non-substantive errors are "quintessential" Rule 60(a) corrections). The Court's Order demonstrates that the error is not substantive; in the same sentence, the Court correctly states the total number of hours and the total fee amount requested. *See* Order at 2, 14. Further, the errors are both limited to introductory paragraphs that contain none of the Court's legal analysis. *Id.* at 2, 14. Notably, the errors, which are limited to division of hours between primary litigation versus the fee petition, do not occur in the Court's discussion of LOWD's fee dispute hours, *see* Order at 21–23, which is what the Forest Service seeks to relitigate. *See* Mot. at 13. In discussing LOWD's fee dispute hours, the Court expressly noted that some of the hours in LOWD's initial fee petition were hours spent on fees litigation, and that the Forest Service objected to some of those hours. Order at 21 (*citing* Resp., ECF # 69, Ex. C). In the very next

sentence the Court then found "LOWD's fee petition hours generally reasonable." *Id*. In concluding the section, the Court again acknowledged that some of LOWD's fee dispute hours were in its initial fee petition, stating that the Court "reviewed the Forest Service's line-item objections to the fee petition hours, and included the improper hours" in the charts tabulating all hours the Court declined to award. *Id*. The Court did in fact decline to award some of LOWD's hours for fees work included in the initial fee petition. *See id*. at 16 (Table including fee dispute-related line items). Thus, the Court was fully aware of all hours spent on fees, both listed in the initial petition and included with LOWD's Reply. As such, the inaccurate numbers in the introductory paragraphs are clerical; they should be corrected pursuant to FRCP 60(a), but have no implications on the Court's reasoning, findings, or ultimate award to Plaintiff.

## II.    The Forest Service Cannot Use an FRCP 60(b) Motion to Relitigate the Issue of Using Market-Based Hourly Rates for All of an Attorney's Hours for the Entire Case.

When awarding LOWD its attorney fees the Order unambiguously applied the market-based rate that it had earlier approved for Mr. Buchele's time to all of Mr. Buchele's court-approved reasonable hours. Order at 24 (applying Mr. Buchele's $475 hourly rate to all of his 195 hours). The Forest Service now insists the Court should "correct" its Order and use the EAJA statutory rate for the time Mr. Buchele spent defending against the Forest Service's sometimes frivolous efforts to prevent LOWD from recovering its reasonable attorney fees, thereby reducing LOWD's total fee award by over $26,000. Mot. at 9–11.[2] The Forest Service

---

[2] This part of the Motion thus continues the Forest Service's already extended efforts to change or limit the applicability of Mr. Buchele's market-based hourly rate that has motivated many of the motions and arguments put forth by the Forest Service in the protracted fee dispute in this case. *See, e.g.,* ECF #35, at 3–4; ECF #54, at 4–5; ECF #69, at 18. At this point two different judges have confirmed that Mr. Buchele's requested market-based rates are not "excessive" and

argues the Order did not expressly address its argument that enhanced market rates under EAJA should not apply to attorney time spent recovering fees, and that this is an "omission" or "mistake" within the meaning of FRCP 60(a) or (b). The Forest Service makes no effort to connect this "mistake" to the actual clerical errors. The Forest Service's argument, based mostly on a single 1999 district court opinion from California, is a clear abuse of FRCP 60, using it to essentially submit an improper, unauthorized, post-order sur-reply, that focuses almost entirely on responding to the arguments from LOWD's Fee Reply brief (ECF # 82) regarding this issue.

Because FRCP 60(a) cannot be used to change the intent of a prior order, *Garamendi*, 683 F.3d at 1079, the Forest Service cannot argue that the Court's choice not to expressly address one of its arguments is an "omission" under FRCP 60(a) that somehow requires a $26,000 reduction of LOWD's fee award. The Order clearly expresses an intent to use Mr. Buchele's market-based hourly rate when calculating LOWD's fee award for all of Mr. Buchele's reasonable hours spent on this entire matter, and thus implicitly rejected the Forest Service's argument against applying enhanced EAJA rates to fee recovery work.[3] Apparently the Forest Service believes it is entitled to an express ruling from the Court on every argument it made in opposition to LOWD's fee petition. In similar contexts, several courts have held using post-judgment motions to seek rulings on arguments not expressly addressed by a final order is improper. *See Permian Basin Petroleum Ass'n. v. Dep't of Interior,* 2016 WL 4411550, *7 (W.D.

---

are, in fact, fully supported by the applicable Oregon State Bar Economic Surveys. One of those judges explicitly decided to apply that market-based rate to Mr. Buchele's fee recovery work and this Court implicitly did so, as the existing case law clearly allows.

[3] Although the Forest Service cites *Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir. 1983) for the proposition that FRCP 60(a) applies to a court's "failure to memorialize part of its decision," that case dealt with an Order that completely omitted the court's actual decision regarding one type of requested relief. Nothing in *Miller* even remotely suggests that FRCP 60(a) can be used to demand an express ruling on every argument a party makes, especially when the court's implicit rejection is reflected in the relief that the court actually ordered.

Plaintiff's Response to Defendants' FRCP 60 Motion                                              7

Tx. 2016) (improper use of FRCP 59 motion); *Spectra Commc'ns Group, LLC v. City of Cameron,* 2013 WL 12177499, *1 n.1 (W.D. Mo. 2013) (improper motion for reconsideration). Moreover, if all the Forest Service wanted was an express ruling on an argument that was already fully-briefed before the Court, in order to "correct" an "omission," all its Motion needed to do was cite the Court to that prior briefing and ask for a ruling. But its Motion goes far beyond that and spends almost three pages responding to arguments from LOWD's Fee Reply brief. *See, e.g.*, Mot. at 9 ("plaintiff argued in its reply…"), at 12 ("Plaintiff's reply also cites…"). These new arguments underscore what this portion of the Forest Service's Motion really is: a very tardy and unauthorized sur-reply mislabeled as an FRCP 60 motion.

If the Forest Service were properly trying to obtain a change in the Order using FRCP 60(b)(1), then its Motion would need to point to some clear error of law, but the best the Forest Service can do is point to *Lucas v. White*, 63 F.Supp. 2d 1046, 1062–63 (N.D. Cal.1999), which found that an enhanced hourly rate under EAJA would not apply to fee petition work. But the Order's "failure" to follow a single district court decision is not even close to the clear legal error required to justify an FRCP 60(b)(1) motion to change the substance of a final order.[4] Moreover, as discussed below, other more persuasive legal authority directly supports applying a single hourly rate to all of an attorney's work in a case, including the work on fee issues.

As LOWD correctly noted in its earlier briefing, ECF # 82 ("Reply") at 18, Judge Simon rejected a nearly identical argument from the Forest Service in *LOWD v. U.S. Forest Service,* 2014 WL 3546858, *13 (D. Or. July 15, 2014). The Forest Service almost entirely ignored Judge Simon's opinion in its fee opposition brief, (ECF #69), but now, for the first time, seeks to both

---

[4] In fact the Forest Service's Motion, at 11, admits that "no binding precedent" directly addresses this issue. In the mandamus context, the Ninth Circuit has expressly held that a lack of controlling precedent precludes a finding of clear error. *See In Re Swift*, 830 F.3d at 916–17.

Plaintiff's Response to Defendants' FRCP 60 Motion                                                    8

distinguish that opinion and argue that it was legally wrong. But the attempt to distinguish Judge Simon's ruling is misleading. The Forest Service implies that the issue of applying enhanced rates to fee petition work was not argued before Judge Simon, and suggests that the only issue actually decided by Judge Simon was whether enhanced rates should apply to a variety of "tasks" and then lists those "tasks," which do not include fee petition work. Mot. at 10 (*citing LOWD*, 2014 WL 3546858, *13). The Forest Service, which was also the defendant in the 2014 fee dispute decided by Judge Simon, knows that is not true. In fact, the Forest Service in that case expressly argued that "EAJA does not allow for an award of enhanced rate for matters related to the issue of attorneys' fees," citing to the same *Lucas* case that the Forest Service cites to here. *See LOWD. v. U.S. Forest Service*, No. 10-cv-01397, ECF # 133, at 31. The Forest Service also argued that other "tasks" should not be covered by enhanced rates, but the clear focus of its argument was applying those rates to fee recovery work, which Judge Simon expressly ruled on and rejected. 2014 WL 3546858, *13.

The Forest Service also criticizes Judge Simon's reliance on *In re S. Cal. Sunbelt Developers, Inc.,* 608 F.3d 456 (9th Cir. 2010), attempting to distinguish that case as a bankruptcy case that was not addressing fees under EAJA. But those "distinctions" ignore the fact that Judge Simon was citing and quoting *Sunbelt*'s reliance on the U.S Supreme Court's decision in *Commissioner, INS. v. Jean,* 496 U.S. 154, 161–62 (1990). *See* 2014 WL 3546858, *13, citing and quoting *Sunbelt*, 608 F.3d at 463, which is quoting the opinion in *Jean; see also* 2014 WL 3546858*, *10 (quoting exactly the same language and expressly noting that it came from *Jean*). *Jean* is an EAJA case where the Supreme Court rejected the government's argument that EAJA requires separate determinations of whether the government's position was substantially justified regarding the merits and in any fee dispute, respectively. As the Supreme

Court explained when rejecting that argument, "a fee award [under EAJA] presumptively encompasses all aspects of the civil action. Any given civil action can have numerous phases . . . the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line items." 496 U.S. at 161–62. Judge Simon correctly found that this language and reasoning from *Jean*, cited in *Sunbelt*, supported rejecting the Forest Service's argument that the Court should make separate determinations regarding the applicability of enhanced, market-based rates to the merits and fee recovery phases of the same civil action. [5]

Curiously, the Forest Service cites *Nadarajah v. Holder,* 569 F.3d 906, 911, 925 (9th Cir. 2009), for the proposition that LOWD was required to submit charts detailing hourly rates requested at separate times during the litigation. Mot. at 9. The tables the Forest Service cites to do not actually indicate the hourly rate applied to the various stages of the litigation. *Nadarajah*, 569 F.3d at 911. But fairly simple math ($13,356.60 divided by 56.6 hours) confirms that the average hourly rate for the fee work awarded in *Nadarajah* was $235.98 per hour, which is well above the EAJA statutory rate of $162.50 per hour at that time. 569 F.3d at 918.[6] Though LOWD does not suggest *Nadarajah* creates binding precedent on the issue, it does show that the Ninth

---

[5] In the prior briefing, the parties cited other cases where the plaintiff did not request enhanced rates for attorney fee work, see, e.g., *Citizens for Better Forestry v. U.S. Dep't of Agriculture,* 2010 WL 3222183 *14 (N.D. Cal. Aug. 13, 2010), and cases where the plaintiff requested such enhanced rates for fee work and the court awarded it apparently without objection from the federal government. *See, e.g.*, *Oregon Natural Desert Ass'n v. Bureau of Land Mgmt.,* 223 F.Supp 3d 1147,1154-55 (D. Or. 2016) (*ONDA*). Inexplicably, the Forest Service believes cases like *Citizens* support its current Motion but that cases like *ONDA* "provide no support" for LOWD's position and the Fee Order in this case. *See* Mot. at 11–12.

[6] The 56.6 hours of fee work include both attorney Arulanantham's time and paralegal time, 569 F.3d at 925, so the actual hourly rate for the attorney time spent working on fee issues is likely significantly higher than the average rate.

Circuit has not established a rule prohibiting enhanced rates that would render the Court's Order a "clear error" correctable under FRCP 60(b)(1). *See McDowell*, 197 F.3d at 1255, n. 4.[7]

The Forest Service has no legitimate legal basis for arguing that the Court's use of an enhanced market-based rate for all of Mr. Buchele's work in this litigation, including his fee recovery work, was a clerical error or "omission" under FRCP 60(a) or a mistake under FRCP 60(b)(1) that amounts to clear legal error. The Court therefore can simply deny that part of the motion as improper. However, if the Court were to amend its Order to expressly rule on the Forest Service's argument that merits-work and fee-work must be treated differently in terms of the applicable hourly rate, the Court should stand by the substance of its existing ruling and expressly reject the Forest Service's argument.

### III.    The Forest Service Cannot use an FRCP 60 Motion to Challenge the Court's Proper Exercise of its Discretion when Declining to Impose a Proportionate Reduction to LOWD's Fees-on-Fees Award.

The Forest Service argues that the Court erred in declining to proportionately reduce the fees-on-fees award. Mot. at 2–3, 13–14. Even though it readily admits "the district court has the discretion to determine what constitutes a reasonable fee," the Forest Service argues in the next breath that the Court's Order contains "mistakes" in the determination of a reasonable fee, and that the Court should correct those "mistakes" under FRCP 60(b). *Id.* at 13. However, the Court did not make any "mistakes" in exercising its discretion to decline to impose a proportional reduction to LOWD's fees-on-fees award, let alone commit the "clear error" needed to invoke an

---

[7] The Forest Service also cites to *Pollinator Stewardship Council v. U.S.EPA,* 2017 WL 3096106, *2,7 (9th Cir. June 27, 2017)(Appellate Commissioner Order) as another case where the opinion breaks down the fee award between merits work and fee work. But in that case, unlike *Nadarajah,* the plaintiff did not request enhanced hourly rates for its fee work. Moreover, the Forest Service's citation to this case, Motion at 9, fails to indicate that it is a non-binding order from the Appellate Commissioner. *See* Ninth Circuit Rule 36-1.

FRCP 60(b) reconsideration. *See McDowell*, 197 F.3d at 1255 n.4. Accordingly, the Court should deny the Forest Service's motion.

A.    **The Court's decision declining to impose a proportionate reduction was not based on judicial reluctance to require appropriate time records from LOWD.**

The Forest Service argues that the Court decided not to impose a proportional reduction to LOWD's fees-on-fees award because LOWD's attorneys' timesheets do not segregate the time spent on unsuccessful attorney fees-related arguments from time spent on successful attorney fees-related arguments. Mot. at 13. But that is clearly not the case. Instead, the Court declined to impose a proportional reduction because it found that the attorney fees-related arguments *themselves* (both unsuccessful and successful) were closely interrelated and inseparable for fee award purposes. *See* Order at 21 (noting that the "*arguments* are inseparable," not LOWD's time entries) (emphasis added).

While the Forest Service acknowledges that the Court expressly rejected its argument for a proportional reduction of the fees-on-fees award, it argues that the "only reason" the Court found those arguments inseparable "is because Plaintiff failed to adequately segregate and account for distinct arguments." Mot. at 13. The Forest Service bases its argument on the premise that *Hensley* requires plaintiffs to track their time not only by specific claim, but by specific *argument*, and that timesheets must separately track and tally time spent as related either to merits litigation or to attorney fees litigation. *Id.* at 8–9, 13–14. But the Forest Service's position misconstrues the Court's Order and is inconsistent with the law. Because *Hensley* does not require plaintiffs to segregate their timesheet entries by specific argument, or to tally time spent in the Forest Service's preferred method, the Court properly exercised its discretion in finding that LOWD's fees-related arguments were inseparable for fees on fees purposes.

1.    The Court declined to impose a proportionate reduction to the fees-on-fees award

<u>because LOWD's successful and unsuccessful fees-related arguments were
inseparable for fees purposes.</u>

Despite the Forest Service's claim to the contrary, Mot. at 13, it is clear that the Court did
not decline to impose a proportional reduction on the fees-on-fees award because the Court
thought LOWD's timesheets were somehow too vague. Order at 21. Certainly, the Court would
not reward the submission of vague timesheets with an increased fee award, which is what the
Forest Service is effectively arguing took place. Instead, the Court properly followed *Hensley*'s
instructions for analyzing whether claims are related or unrelated for fees purposes. *See* Order at
21, *see also id.* at 19 (applying same analysis to LOWD's NFMA claims and citing to *Hensley*).

First, the Court found that "LOWD's fee petition hours [are] generally reasonable[,]" and
that "LOWD largely prevails on its attorney fees request." Order at 21. Second, in declining to
impose a proportional reduction for fees-on-fees, the Court found that "[t]o the extent some of
[LOWD's attorney fees-related] arguments are unsuccessful, those arguments are inseparable
from those on which it prevailed." *Id.* That finding was proper and consistent with the *Hensley*
analysis. *See* Order at 19 (applying *Hensley*). Finally, the Court filled seven pages of its Order
with analysis of the Forest Service's hours-related objections, which involved a methodical
review of LOWD's timesheets. *Id.* at 14–21. That detailed review, which led the Court to reduce
LOWD's requested time by 10.8 hours, is clear evidence the timesheets were not too vague for
the Court.[8] *See id.* at 21. It seems clear from the Order that the Court declined to impose a

---

[8] The Forest Service itself betrays the fact that LOWD's timesheets are not vague. When
opposing LOWD's fee request the Forest Service used the detailed information contained in
LOWD's dozens of pages of timesheets to create multiple charts manipulating the timesheet
information in various ways, including by time spent on merits work and time spent on fee
dispute work. *See, e.g,* Resp. at 27–29 (claiming to have identified 48.5 hours of "excessive,
redundant, and otherwise unnecessary time" spent on the fees litigation); *id.,* Ex. C at 1 (Tables 4

proportional reduction of the fees-on-fees award because it concluded that LOWD's attorney

fees-related arguments were inseparable from each other for fees purposes, under *Hensley*. *Id.*

That decision was well within the Court's discretion and not "clear error" under FRCP 60(b)(1).

> 2. *Hensley* does not require timesheet entries to be segregated by specific argument, or that timesheets separately itemize time spent on the merits and time spent litigating attorney fees.

As noted above, the Forest Service argues that LOWD was required to segregate its time

entries by argument, so the Court could reduce fees for time spent on unsuccessful arguments.

Mot., at 13–14. Further, the Forest Service suggests that LOWD's method of itemizing its time –

specifically, not creating a chart of total hours spent on fees work and primary litigation – is in

contravention of *Hensley*'s requirement to have time entries clear enough to distinguish claims.

Mot., at 8–9 (*citing Hensley*, 461 U.S. at 437). The Forest Service then uses this suggestion to

claim factual and/or legal error justifying reconsideration of the merits of LOWD's fee petition.

*See id.* at 8, 13. This is both legally wrong and factually irrelevant.

*Hensley* does not require time itemized by specific argument, or the chart the Forest

Service prefers; instead, *Hensley* requires clarity sufficient to enable the Court to discern the task

time was spent on. *Hensley*, 461 U.S. at 437, n. 12 (while "great detail" is not required, "counsel

should identify the general subject matter of his time expenditures"). LOWD's time records were

sufficiently detailed for the Court and Forest Service to assess their reasonableness. *See* Order, at

15–21; Fee Resp., at Ex. B, C. The Court was able to single out time entries deemed non-

---

and 5, summarizing objections to time and fees claimed for fees litigation). Even now, in its
FRCP 60 Motion, the Forest Service has used LOWD's detailed timesheets to create charts that
segregate LOWD's hours between the merits dispute and the fee dispute. Mot. at 7–8, 12, 15. If
LOWD's hours were too vague to allow for a proper review by the Court, as the Forest Service
argues, then the Forest Service would not have been able to create its myriad charts.

Plaintiff's Response to Defendants' FRCP 60 Motion                                    14

compensable because they were administrative. *See* Order, at 15–16 (Table listing line-items for non-compensable tasks). The Court was similarly aware that some of those hours were spent during the fee litigation part of the case. *Id.* at 21 (in discussing fees-on-fees hours, referring back to line-item review section). Even if *Hensley* required the charts the Forest Service prefers to compare fees litigation hours to primary litigation hours, there is no prejudice here where the Forest Service itself actually created such charts and the Court reviewed them. The Court should thus reject the Forest Service's attempt to manufacture error justifying reconsideration.

### B.    The Court had discretion to impose or not impose a proportionate reduction to the fees-on-fees award.

The Forest Service seems to suggest that *Jean* stands for the proposition that courts are *required* to make proportional reductions in fees-on-fees awards "to the extent that the applicant ultimately fails to prevail in such litigation." Mot. at 14 (*citing Jean*, 496 U.S. at 163 n.10). But the proportional reduction described in *Jean* is discretionary, not mandatory, as the Ninth Circuit made abundantly clear in *Thompson v. Gomez*, 45 F.3d 1365, 1367–68 (9th Cir. 1995). The Forest Service relied on *Thompson* in its Fee Opposition (ECF # 69 at 29) and cites it again in its Motion (at 16), because the court in that case affirmed the district court's decision to proportionately reduce the fees-on-fees award. However, *Thompson* does not help the Forest Service here because *Thompson* does not purport to *require* proportional reductions of fees-on-fees award, but simply stands for the proposition that district courts have discretion in deciding that issue. *Id.* at 1367–68. In fact, the *Thompson* court repeatedly stated that the district court's decision to reduce was discretionary, and that the standard of review was abuse of discretion. *See, e.g., id.* at 1367 ("[T]his court reviews the fee award for abuse of discretion"); *id.* ("*Hensley* holds that a fee award *may* be reduced to make it 'reasonable in relation to the success achieved'") (emphasis added); *id. citing Jean* for the proposition that district courts have a

"range of discretion" to discount a fees-on-fees request in EAJA cases); *id.* at 1368 (finding that district court's decision to apply proportional reduction to fees on fees award was not an abuse of discretion). Thus, under the plain language of *Thompson*, district courts have a "range of discretion" in deciding whether to apply a proportional reduction to fees on fees awards.

A very recent case, *United States v. Biotronik, Inc.*, 716 Fed. Appx. 590  (9th Cir. 2017) (unpublished), applies *Thompson* and further demonstrates that district courts retain discretion in deciding whether to apply a proportional reduction to fees-on-fees awards. *Id.* at 593. In *Biotronik*, the court applied an abuse of discretion standard in reviewing the district court's decision to reduce the fees-on-fees award. *Id.* at 591. In finding no abuse of discretion, the court cited *Thompson* for the proposition that "[a] district court *can* reduce a fees-on-fees request in proportion to the applicant's success on the underlying petition." *Id.* at 593 (*citing Thompson*, 45 F.3d at 1368) (emphasis added). But nothing in *Biotronik* or its treatment of *Thompson* suggests that a proportional reduction is required. In fact, the district court in *Biotronik* did not even proportionately reduce the fees-on-fees award, and the Ninth Circuit did not require it to do so. Instead, the district court *dis*proportionately reduced the fees-on-fees award by only 30%, even though it had reduced the merits fee award by 70%. Thus, in *Biotronik*, the Ninth Circuit again demonstrated that the decision to proportionately reduce a fees-on-fees award, or not, is a matter of discretion for the district court.[9]

The Forest Service also points to two district court cases which it argues indicate that the Court "should" change its Order to apply a proportional reduction. Mot. at 14. Neither case is

---

[9] The Court's decision not to impose an additional reduction in LOWD's requested fees-on-fees hours is also in line with other Ninth Circuit precedent. *See Nadarajah*, 569 F.3d at 925  (court did not impose proportionate reduction to fees-on-fees award in EAJA case, despite imposing significant reduction on merits fee award).

binding on this Court, though notably the Oregon district court expressly stated that it had discretion to apply or not a proportional reduction. *See Asia Pac. Agr. and Forestry Co. v. Sester Farms, Inc.*, 2013 WL 6157263, at *8 (D. Or. Nov. 22, 2013) (reviewing *Thompson*).

Applying *Thompson* to this case, the Court did not abuse its discretion (and thus did not commit "clear error" under FRCP 60(b)(1)) in declining to impose a proportional reduction of the fees-on-fees award. First, after reviewing LOWD's itemized hours spent on attorney fees litigation, the Court found that "LOWD's fee petition hours [are] generally reasonable. LOWD largely prevails on its attorney fee request." Order at 21. Further, the Court found that any unsuccessful arguments regarding attorney fees were "inseparable" from those arguments on which LOWD prevailed. *Id.* And finally, the Court *did* reduce LOWD's requested fees on fees hours to some extent: "I have reviewed the Forest Service's line-item objections to the fee petition hours, and included the improper hours in the charts above." *Id.* Reviewed under an abuse of discretion standard, these findings are more than sufficient to support the Court's decision not to impose a proportionate reduction. Although the Court could have exercised its discretion to apply a proportional reduction, that is not the decision the Court made, and the Forest Service cannot use a Rule 60(b)(1) motion to relitigate an argument previously raised. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Even if the Forest Service's FRCP 60 Motion was an appropriate vehicle for making its arguments (and it is not), under the deferential standard of review in *Thompson* the Court's decision not to impose a proportional reduction was well within its discretion.

If the Court were to reconsider how it exercised its discretion regarding this issue, which it should not do, the Court also should consider how the Forest Service's conduct has impacted the amount of fees-on-fees that LOWD has incurred. *Thompson,* citing *Jean,* specifically notes

that a party's conduct that "unreasonably protract[s]" the proceedings is something a Court can consider when awarding fees. 45 F.3d at 1367 (*quoting* 496 U.S. at 163). There can be little doubt that the Forest Service's litigation tactics regarding fees issues "unreasonably protracted" the fee dispute in this case and required LOWD's attorneys to expend more hours than would normally be required.[10] For example, LOWD was forced to respond to the Forest Service's attempt to limit LOWD's Earthrise counsel to less-than market rates no fewer than four times *beyond* the actual fee petition briefing. *See* ECF # 34 at 3–5 (Responding to Forest Service's attempt to seek discovery pre-fee petition); ECF # 57 (Response to Motion to stay briefing for discovery); ECF # 61 (Response opposing discovery); ECF # 63 (Unopposed sur-reply to discovery motion after Forest Service's Reply included several new exhibits). The Court denied the discovery without opinion, ECF # 66, but the Forest Service sought to again reargue the issue in its fee petition opposition, ECF # 69 at 16–18, before the Court correctly concluded that binding Supreme Court and Ninth Circuit law "mandates a market-rate approach to attorney fees." Order at 12. While not the only vexatious conduct of the Forest Service, *see* Fee Reply at 5 (citing other examples), the market-rate dispute is particularly emblematic given the current motion, part of which tries to again relitigate the issue.  Given the Forest Service's repeated efforts to needlessly prolong this dispute, it would be completely appropriate for the Court to cite the Forest Service's conduct as an additional reason to refuse to proportionately reduce LOWD's fees-on-fees award. *See* Fee Reply at 17 (asking to "recover for every minute its attorneys had to spend responding to [the Forest Service's] frivolous and unnecessary arguments.")

---

[10] *Thompson* notes that a proportional reduction of a plaintiff's fees-on-fees award can be appropriate in order to not discourage defendants from raising legitimate objections to a plaintiff's fee request. 45 F.3d at 1368. In this case, however, the proportional reduction the Forest Service seeks would likely have the opposite effect by encouraging the type of unreasonable and legally unsupported litigation tactics the Forest Service has engaged in here.

## CONCLUSION

It is time for the protracted fee dispute before this Court to end. The Forest Service has already required LOWD and this Court to spend far more time litigating fee issues than is normal or necessary. Now the Forest Service seeks to further prolong the case by identifying two innocuous clerical errors in the Court's Fee Order and then improperly attempting to leverage them into an FRCP 60 "omission" or "mistake" that justifies a substantial reduction in the amount of fees awarded to LOWD. The Forest Service cites no clear error that could possibly justify such relief under FRCP 60 and, in any case, the Court exercised its discretion when awarding LOWD its fees in a manner entirely consistent with Ninth Circuit and Supreme Court precedent. Accordingly, while the Court should correct the two clerical errors identified by the Forest Service, it should summarily deny the remainder of the Forest Service's Motion.

Dated this 4th day of May 2018.

Respectfully submitted,

s/ Tom Buchele
Tom Buchele, Managing Attorney
OSB # 081560
Earthrise Law Center
10015 S.W. Terwilliger Blvd.
Portland, OR 97219
503-768-6736
tbuchele@lclark.edu
Counsel for Plaintiff LOWD/BMBP

s/ Jesse A. Buss
Jesse A. Buss, OSB # 122919
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jessebuss@gmail.com
Counsel for Plaintiff LOWD/BMBP