BILLY J. WILLIAMS
United States Attorney
District of Oregon

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

JOHN P. TUSTIN (Texas State Bar No. 24056458)
Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-3022 / Fax:  (202) 305-0506
john.tustin@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| LEAGUE OF WILDERNESS DEFENDERS / BLUE MOUNTAINS BIODIVERSITY PROJECT<br><br>Plaintiff,<br><br>v.<br><br>SLATER R. TURNER, *et al.*,<br><br>Defendants. | Case No. 2:16-CV-01648-MO<br><br><br>DEFENDANTS' REPLY IN SUPPORT OF RULE 60 MOTION [ECF No. 85] |

## I.      INTRODUCTION

Defendants moved for relief under Rule 60 on three errors or omissions in the Court's March 30, 2018 Opinion & Order, ECF No. 84 ("Order'). Defs.' Mem. in Supp. of Rule 60 Mot., ECF No. 85 ("Mem."). If they are not addressed, these three errors or omissions would amount to an almost $31,500 windfall to Plaintiff at taxpayer expense for attorney fees, costs, and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff does not dispute that the Order erroneously stated the amount and time claimed for fee litigation. Pl.'s Resp. to Defs.' FRCP 60 Mot. 3-4, ECF No. 86 ("Resp."). Nor does Plaintiff dispute any of Defendants' calculations that provide a clear explanation for how Defendants arrived at the corrected figure of $151,136.73 payable to Plaintiff.[1] *See* Resp.; Mem. 5-14 (Tables 1-7). The parties dispute, however, whether the Court can do anything to reduce the amount of the award. As explained in Defendants' opening brief and this reply, the Court certainly may – and should – amend the Order and award Plaintiff no more than $151,136.73 in attorney fees, costs, and other expenses.

## II.     ARGUMENT

**A.     Rule 60 allows the Court to correct all of the deficiencies identified by Defendants.**

Plaintiff agrees that the Court should correct, pursuant to Rule 60(a), the Order's factual errors on the time and amount claimed for attorney fee litigation. Resp. 3-4. But Plaintiff then claims the Court cannot do anything else because any modifications to address the Order's factual errors would amount to "relitigating" the fee dispute. *Id.* at 4-6. Controlling case law contradicts Plaintiff's interpretation of Rule 60(a). The rule allows a court to "make an order reflect the actual intentions of the court, *plus necessary implications*." *Jones & Guerrero Co. v.*

---

[1] Defendants preserve their objections to the corrected figure of $151,136.73.

1

*Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (per curiam) (emphasis added) (citations omitted); *Garamendi v. Henin*, 683 F.3d 1069, 1079-80 (9th Cir. 2012) ("Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement."); *see also Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958) ("It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake. Rule 60(a) of the Federal Rules of Civil Procedure recognizes this power…") (citations omitted)). The Court should correct not just the Order's factual errors on the time and amount claimed and oversight or omission of the hourly rate for fee litigation under EAJA, but the necessary implications of those errors as well. *See* Mem. 4-11.

   Rule 60(b)(1), the other subsection pertinent here, grants district courts discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than a year after the judgment was entered. Fed. R. Civ. P. 60(b)(1), 60(c). Plaintiff faults Defendants' brief because it does not use the phrase "clear error." Resp. 1-3. "A district court's erroneous reading of the law is a 'mistake' sufficient to require reconsideration of an order" under Rule 60(b). *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993) (citing *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982), *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966)), *qualified by McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999). The brief explained that the Order erred by awarding, without explanation, enhanced rates in excess of EAJA's statutory cap to Mr. Buchele for litigation related exclusively to fee issues. Mem. 7-11. Such an award absolves Plaintiff of its burden to show that a special factor applies for fee litigation and construes EAJA's partial waiver of sovereign immunity in Plaintiff's favor, not

Defendants. *Id.* The brief also explained that the Order's determination of a reasonable fee is based both upon a mistaken premise (the amount of time claimed) and a statement that successful and unsuccessful arguments were inseparable, even though there are a number of cases that allow the Court to proportionally reduce a fee award, regardless of whether successful and unsuccessful arguments can be distinguished. Mem. 11-14. While Defendants' brief does not use the explicit phrase "clear error," the mistakes and inadvertences Defendants identify satisfy this standard and may be corrected pursuant to Rule 60(b).

**B.    The Court should hold that EAJA's statutory maximum applies to time spent on fee litigation.**

Defendants' Rule 60 motion concerning the application of EAJA's statutory rate to time spent litigating fees is straightforward. *See* Mem. 7-11. The Order awarded Mr. Buchele enhanced rates for all time spent on the litigation but did not address the parties' arguments about the appropriate hourly rate for the fees-on-fees phase of the litigation. Order, 21. The Order contains a section entitled "Hours Spent on the Fee Petition," but no such section addressing the rate for the fee petition. *Id.* Defendants do not presume to know whether this was an oversight or omission (correctible under Rule 60(a)) or a mistake or inadvertence (correctible under Rule 60(b)). In either scenario, the Court should correct the Order and hold that EAJA's statutory rate applies to time spent litigating the fee petition.

As an initial – and critical – matter, Plaintiff fails to cite a single case that expressly holds that expertise in fee litigation under EAJA is a special factor that allows recovery of enhanced rates. *See* Resp. 6-11. Nor does Plaintiff show how fee litigation under EAJA is a special factor under the three element test set forth in *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). Satisfying the elements for a special factor is Plaintiff's burden, *see id.*, and it failed to make this showing, making the statutory rate presumptively apply. The Supreme Court has held that

3

EAJA's statutorily capped rate is "generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988).  The Court may end its inquiry here and correct the Order to apply EAJA's statutory rates to time spent on fee litigation.

Plaintiff's convoluted response fails to satisfy its burden to show that enhanced rates apply to fee litigation or explain why the Court should not correct the Order.  Plaintiff first argues that the Order "clearly expresses an intent to use Mr. Buchele's market-based hourly rate when calculating LOWD's fee award for all of Mr. Buchele's reasonable hours spent on this entire matter, and thus implicitly rejected the Forest Service's argument against applying enhanced EAJA rates to fee recovery work." Resp. 7.  Plaintiff cannot evade its burden by presuming what the Court did or did not decide, when the Order contains no memorialization of the Court's reasoning on whether fee litigation under EAJA satisfies the statute's special factor provision and if it does, what the appropriate rate would be.

Plaintiff then argues that "the Forest Service believes it is entitled to an express ruling from the Court on every argument it made in opposition to LOWD's fee petition." *Id*.  Not so.  The appropriate hourly rate for fee litigation is a distinct issue both parties briefed.  By not addressing the argument, the Order currently provides Plaintiff with a $26,652.55 windfall at taxpayer expense.  While the district court has the discretion to determine what constitutes a reasonable fee, "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckherhart*, 461 U.S. 424, 437 (1983); *McGrath v. County of Nevada.*, 67 F.3d 248, 253 (9th Cir. 1995) (court of appeals may remand fee decision for further explanation if the district court "fails to provide a clear indication of how it exercised its discretion.") (citation omitted).

Plaintiff relies heavily on *LOWD v. U.S. Forest Service*, No. 3:10-cv-1397-SI, 2014 WL 3546858 (D. Or. July 15, 2014).  Resp. 8-10.  But, as explained in Defendants' brief, that decision (1) did not expressly hold that fee applicants are entitled to enhanced rates for litigating fees and (2) erred in its interpretation of *In re Southern California Sunbelt Developers, Inc.*, 608 F.3d 456 (9th Cir. 2010).  Mem. 8-9.  Plaintiff continues to confuse the distinct inquiries into a plaintiff's threshold *eligibility* for a fee award versus the proper *amount* for any such award.  *See* Resp. 9-10.  As the Supreme Court held in *INS Commissioner v. Jean*, eligibility under EAJA is a single determination.  496 U.S. 154, 160 (1990) ("The single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' thus operates as a one-time threshold for fee eligibility.").  *Jean* does not hold, as Plaintiff believes, that a single rate applies to the amount of an award under EAJA once a court finds a party eligible.[2]  Rather, EAJA "provides district courts discretion to adjust the amount of fees for various portions of the litigation, guided by reason and statutory criteria."  *Id.* at 165-66.

Plaintiff did not meet its burden show that EAJA litigation is a practice specialty that requires distinctive knowledge or skills, and no court has so held.  The Court should grant Defendants' Rule 60 motion and apply EAJA's statutory rate to the time Plaintiff spent litigating fees.

---

[2] Plaintiff attempts to re-write *Jean* by omitting a critical phrase that underscores the holding's relationship to EAJA's substantial justification requirement.  Resp. 10 ("Any given civil action can have numerous phases. *While the parties' postures on individual matters may be more or less justified,* the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." (citing *Jean*, 496 U.S. at 161-62) (italicized portion shows text omitted by Plaintiff)).

5

**C.      The Court should apply a proportional reduction to the fee award.**

Defendants identified two mistakes or inadvertences in the Order's determination of a reasonable fee award. Mem. 11-14. The first mistake or inadvertence is that the Order "find[s] LOWD's fee petition hours generally reasonable." Order 21. But this statement is based on the mistaken premise that Plaintiff claimed 194.2 hours on attorneys' fee litigation. Mem. 11. Plaintiff did not respond to this first argument, *see* Resp. 11-18, but conceded earlier in its brief that the correct amount of time spent on fee litigation is 323 hours. *Id.* at 4. The Court may, and should, reach a different conclusion on the reasonableness of Plaintiff's fee petition hours when the correct number is considered. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (Rule 60(b)(1) "include[s] mistake and inadvertence by the judge.").

The second mistake or inadvertence is that the Order declined to proportionally reduce the fee award because it stated that successful and unsuccessful arguments were inseparable. Order 21. Defendants identified a number of cases that allow the Court to provide a proportional reduction to the fee award, regardless of whether successful and unsuccessful arguments can be teased apart from billing records. Mem. 12 (citing *Jean*, 496 U.S. at 163 n.10); *id.* at 14 (citing *Native Ecosystems Council v. Weldon*, 921 F. Supp. 2d 1069, 1081 (D. Mont. 2013); *Thompson v. Gomez*, 45 F.3d 1365, 1367-68 (9th Cir. 1995); *Asia Pac. Agric. & Forestry Co. v. Sester Farms, Inc.*, No. 3:12-cv-0936-PK, 2013 WL 6157263 at *8 (D. Or. Nov. 22, 2013).

Plaintiff misconstrues Defendants' argument as one that says proportional reductions are required. Resp. 15-17. Defendants never made such an argument and agree that a district court has the discretion to determine what constitutes a reasonable fee. Mem. 11-14. Here, however, the Order's stated reasons for the reasonableness of the fee award are based on a mistaken premise (the amount of time claimed) as well as a failure to acknowledge numerous cases that

6

reduce the fee award by the same percentage as the reduction in the award for time on the merits. While not required, the Supreme Court encourages lower courts to apply a proportional reduction for fees-on-fees. *Jean*, 496 U.S. at 163 n.10 ("[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation.").

Plaintiff correctly cites *Thompson* for the proposition that "a proportional reduction of a plaintiff's fees-on-fees award can be appropriate in order to not discourage defendants from raising legitimate objections to a plaintiff's fee request." Resp. 18 n.10 (citing 45 F.3d at 1368). Inexplicably, Plaintiff then claims that there should be no proportional reduction of its fee award for Defendants' objections that the Court sustained. Here, Plaintiff spent approximately 9.7% of its time defending improper hours and rates. Mem. 13. The Court should correct the order and reduce the amount of time claimed for fees by the same percentage. *Thompson*, 45 F.3d at 1368 (affirming district court decision to disallow 12.8% percent of time spent litigating fees-on-fees); *id.* ("If *Hensley* required defendants to pay 100 pennies on the dollar in fees-on-fees for every twelve pennies they successfully trim from merits fees, defendants would have little incentive to raise legitimate objections to improper billing entries, and plaintiffs would have every incentive to feather their nests.");

Finally, Plaintiff argues that the Court should not apply a proportional reduction because Defendants "unreasonably protracted" the fee dispute. Resp. 17-18; *see also id*. at 2 (asserting the Forest Service is causing "further substantial delay"). This argument is without merit and fails to acknowledge Plaintiff's own role in delaying the final resolution of fees and costs. Defendants withdrew the Project Decision Memorandum on October 17, 2016. ECF No. 24. Thirteen days later the parties jointly moved to stay the litigation to allow time to evaluate Plaintiff's request for attorneys' fees and costs as well as the proposal for a Rule 41 dismissal;

the Court granted the motion to stay the next day. ECF Nos. 29, 30. Plaintiff then waited until February 14, 2017 – two and half months later – before providing Defendants with its opening offer to settle fees and costs. Over the next three months, the parties attempted to resolve Plaintiff's claim for fees and costs but reached an impasse, of which Plaintiff notified the Court in its May 25 motion to dismiss. ECF No. 34. Plaintiff filed its fee petition on July 19 (ECF No. 43), but the parties disagreed on whether discovery was necessary. ECF No. 54 (Defendants' July 31 motion for leave to conduct discovery). The Court denied Defendants' motion in a minute order about six weeks after the motion ripened, ECF No. 66, and Defendants promptly filed their response to Plaintiffs' fee petition two weeks thereafter.[3] ECF No. 69. Contrary to Plaintiff's accusations, Defendants expeditiously raised and briefed their good-faith arguments about the amount claimed for fees and costs.[4]

As written, the Order provides Plaintiff with an additional $5,435.48 for fees-on-fees litigation that the Supreme Court says should be excluded. *Jean*, 496 U.S. at 163 n.10. The Court should grant Defendants' Rule 60 motion and apply a proportional reduction to the fee award.

---

[3] Plaintiff faults Defendants for including in their response an argument about Earthrise's hourly rates. Resp. 18. Given that no other order addressed the issue, *See* ECF Nos. 36, 66, it was necessary to include the argument to preserve it for review.

[4] During the pendency of its fee petition, Plaintiff sought and received two unopposed extensions of time and an unopposed leave to file a sur-reply. ECF Nos. 57, 58, 72, 73 (extensions of time); ECF No. 63, 64, 65 (sur-reply).

### III.  CONCLUSION

For the reasons set forth in Defendants' opening brief and this reply, the Court should amend its March 30, 2018 Opinion and Order and award no more than $151,136.73 to Plaintiff for attorney fees, costs, and other expenses, as shown in the following table:

| Item | Amount |
|---|---|
| Preliminary injunction | $99,970.30 |
| Fees | $50,600.36 |
| Experts | -- |
| Costs | $566.07 |
| TOTAL | $151,136.73 |

Respectfully submitted on this 16th day of May, 2018.

BILLY J. WILLIAMS
United States Attorney
District of Oregon

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/  John P. Tustin*
JOHN P. TUSTIN
Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-3022 / Fax:  (202) 305-0506
john.tustin@usdoj.gov

*Attorneys for Defendants*

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jesse A. Buss
jessebuss@gmail.com

Tom Buchele
tbuchele@lclark.edu

*Attorneys for Plaintiff*

                        */s/ John P. Tustin*
                        JOHN P. TUSTIN
                        *Attorney for Defendants*